BAILES, Judge.
This is an appeal by Rubenstein and Son, Inc., third-party plaintiff, defendant in main demand, from a judgment maintaining an exception of no right and no cause of action and dismissing its suit against Charles D. Chauvin, third-party defendant.
Plaintiffs, Drs. Willard A. Ellender, S-Ernest Ellender and Allen J. Ellender, Jr., brought suit against Jack Sabel, Rubenstein and Son, Inc., and four alleged employees of the said Jack Sabel and Rubenstein and Son, Inc., to recover the sum of $80,960 for certain alleged fire damage done to the Terrebonne Ice Company buildings. Plaintiffs allege that, through their agent,, Charles D. Chauvin, they sold to Jack Sabel and Rubenstein and Son, Inc., certain machinery and equipment located in the Ter-rebonne Ice Company buildings; that the other named defendants were employees of Sabel and Rubenstein and Son, Inc., hired for the purpose of removing the machinery and equipment; that while in the process' of removing the machinery and equipment a fire started which resulted in the loss-of the two buildings.
After various exceptions were filed and hearings were had, Rubenstein and Son-, *716 :Inc., appellant herein, filed an answer to ,the plaintiff’s petition. A third-party petition was filed against all persons named as defendants in plaintiff’s petition, and additionally against Isla Comonera, S. A., a Mexican corporation, and Charles D. Chau-vin.
In appellant’s answer, it alleges that:
“XVIII
“And now further answering, defendant alleges that the fire and loss complained of were caused solely by the negligence of plaintiffs in the following respects :
“1. In failing to keep and take proper care, caution and lookout in the sale and subsequent dismantling of the pertinent buildings, equipment and machinery;
“2. In failing to timely advise and notify all concerned about the dangerous and inflammable condition and contents of the pertinent buildings, equipment and machinery;
“3. In failing to free and remove all traces of ammonia, and other type gases and/or inflammables from the pertinent buildings, equipment and machinery;
“4. In failing to see what they should have seen, and in connection therewith their failure to act as prudent reasonable individuals under same or similar circumstances; and, such other and further acts and ommissions (sic) of negligence as may be proved on the trial of this cause.”
And, in appellant’s third party petition, it makes the following allegation:
“6.
“At all times' pertinent Charles D. Chauvin was acting in concert and/or together with plaintiffs, and/or the other defendants, so that the negligent acts and ommissions (sic) alleged by this defendant on the part of plaintiffs and the other defendants are likewise attributable to Charles D. Chauvin, and if the Court should hold that Ru-benstein & Son, Inc., was negligent, which is denied, said negligence of this defendant was- passive and/or vicarious, thereby barring plaintiff recovery; or alternatively, obligating Charles D. Chauvin to reimburse Rubenstein & Son, Inc., in the event of an adverse judgment.”
To the third party petition, appellee filed an exception of no right or cause of action, in the following words:
“That the third party petition filed herein by Rubenstein and Son, Inc., shows neither a cause nor right of action against Charles D. Chauvin, as the acts of negligence alleged by the plaintiff in its petition show on.its face that such acts could not be attributable to Charles D. Chauvin and further there is no agency existing between Charles D. Chauvin and Rubenstein and Son, Inc., which would make any act of Charles D. Chauvin attributable to Rubenstein and Son, Inc.”
At this time we would point out that there is no contention whatever on the part of Rubenstein and Son, Inc., in pleadings or otherwise that there was any agency existing between Charles D. Chauvin and the said appellant, and of course no contention either that any act of Charles D. Chau-vin is attributable to Rubenstein and Son, Inc., the appellant. Therefore, it appears to us that the pertinent part of the allegation in the exception quoted supra is “as the acts of negligence alleged by the plaintiff (appellant) in its petition show on its face that such acts could not be attributable to Charles D. Chauvin.”
We believe the pertinent part of the appellant’s allegations both in answer and third-party petition is that part of the *717 answer and of the third-party petition quoted supra. In analyzing Article 6 of third-party petition, quoted supra, the most liberal interpretation that we can give it eliminates all of it as well pleaded facts except “that the negligent acts and ommission (sic) alleged by this defendant on the part of plaintiffs and the defendants are likewise attributable to Charles D. Chauvin, * And, likewise, the same interpretation of Article XVIII of appellant’s answer compels its to eliminate as well pleaded facts all except “In failing to free and remove all traces of ammonia, and other type gases and/or flammables from the pertinent buildings equipment and machinery.”
Appellant’s brief contains the following statement on which it relies for overturning the judgment of the trial court:
“One of the original defendants in this proceeding, Rubenstein and Son, Inc., has had its third party demand against Charles D.. Chauvin dismissed. Charles D. Chauvin is alleged in Plaintiff’s petition to be their agent. The Third party demand by Rubenstein and Son, Inc., against said Charles D. Chauvin is contained in Article 6 of said third party demand and reads as follows:
(This Article 6 is quoted supra)
“Further, Article XVIII of the Answer filed on behalf of Rubenstein & Son, Inc., set out the negligent acts and omissions alleged on the part of plaintiffs. These are as follows:
(This Article XVIII is quoted supra)
“These then are the allegations alleged against third party defendant, Charles D. Chauvin. He is the judicially admitted agent of plaintiff’s. He is the man who sold the pertinent equipment and the only person representing the plaintiffs with whom any of the defendants ever dealt. These are the allegations upon which these exceptions must be decided.
“The Trial Court has ruled that the deposition of Jack Sabel, taken in Mexico City, made a part of this record is inadmissable (sic). This is the person with whom Charles D. Chauvin dealt. Charles D. Chauvin as the agent of the plaintiffs acted for and on their behalf and as such owned a duty both of his principals and also to third parties. What then is the law applicable to this situation where reliance is made on certain actions of an agent, acting for his principal, to the detriment of third parties.”
The appellee states in his brief that the question before this court is: “Can an 'agent, Charles D. Chauvin, be held liable for the destruction by fire of a building caused through the negligence of defendants’ agents when the building was under the control of defendants’ agents at the time of the fire?”
We cannot agree with appellee that the above quotation is a correct statement of the question to be resolved. As we view this case, the question before us on this exception is to determine if, accepting all well pleaded facts as true, the third-party petition states a cause of action against the third-party defendant, Charles D. Chauvin. Specifically, under the pleadings, the question to be resolved is, is an agent liable for the breach of an obligation owed to a third party. The appellant for a cause of action against appellee states that the appellee failed “to free and remove all traces of ammonia, and other type gases and/or inflammable from the pertinent buildings, equipment and machinery.”
Appellee relies on the early case of Delaney v. A. Rochereau & Co., 34 La.Ann. 1123, in which the Supreme Court said:
“ * * * an agent is personally responsible to third parties for doing something which he ought not to have done, but not for not doing something which he ought to have done, the agent, in the latter case, being liable to *718 liis principal only. * * * No man increases or diminishes his obligations to strangers by becoming an agent.
“An agent is not responsible to third persons for any negligence in the performance of duties devolving upon him purely from his agency, since he cannot as agent, be subject to any obligations towards third persons other than those of his principal. Those duties are not imposed upon him by law. He has agreed with no one, except his principal, to perform them. In failing to do so, he wrongs no one but his principal, who alone can hold him responsible.”
From this holding has come the generally applied and accepted rule in Louisiana that an agent is not ordinarily liable to third persons for his nonfeasance where the non-performed act was owed only to the principal. For additional cases, see: First Federal Savings and Loan Association of Winnfield v. Continental Equity Life Insurance Company, La.App., 124 So.2d 802; Southwestern Sugar & Molasses Company v. Industrial Molasses Corporation, La.App., 135 So.2d 481; and Lamb Rental Tools, Inc., v. Underwriters at Lloyd’s London, La.App., 154 So.2d 96.
 However, it is the contention of appellant that appellee breached a duty owed to appellant, a third person.
In 3 C.J.S. Agency, § 220, p. 129, the rule of law is stated as follows:
“An agent’s liability for his own tortiious acts is unaffected by the fact that he acted in his representative capacity or by the authority or direction of another, and whether acting for himself or on behalf of another, he is personally liable for torts committed by him. * *
§ 221, p. 130
“An agent is personally liable to third persons for injury resulting from his misfeasance or malfeasance, meaning by those terms the breach of a duty owed to third persons generally, independent of the particular duties imposed by his agency. The term ‘misfeasance’ as applied in this connection includes, not only the commission of an improper act, but also the failure or omission to act when a duty owed to the third person so requires, for which omission the agent is liable. Accordingly, where an agent has entered upon an undertaking and neglects to perform a duty owed to his principal, if by this-neglect he violates a duty he owes to a third person also, he is personally liable to the latter, his liability not being based on agency but tipon the ground that he is a wrongdoer or has-failed in the common-law obligation to use that which he controls so as not to injure another; but where, as stated in § 223 infra, the agent in the performance of his undertaking omits a-duty owed solely to his principal, although he is the cause of a breach of the principal’s duty owed to the third person, he is guilty of no misfeasance-in respect of the third person and is not liable to him.” (Emphasis supplied by court.)
For a thorough and complete discussion of the various authorities on this question,, see: Adams v. Fidelity and Casualty Co. of N. Y., La.App., 107 So.2d 496.
Inasmuch as there was no contractual relationship between appellant and ap-pellee, if appellee is liable for any action taken by him toward appellant it must be grounded in tort. For there to be liability to appellant for any tortious conduct of appellee, it has to be grounded on the-violation of a duty owed to appellant. Appellant alleges that appellee violated a duty owed him in that appellee failed “to free- and remove all traces of ammonia, and' other type gases and/or inflammables from-the pertinent buildings, equipment and machinery.”
Appellee argues that there can be no-liability on the appellee because he had no- *719 control of the building's. This might be a valid argument on the merits, however, we find nothing in the pleadings to justify us In following this reasoning as a basis for sustaining the holding of the trial court and dismissing this action: If control or lack of control is the point on which liability stands or falls, it is a matter of defense to be urged and proved by appel-lee. We cannot discern from the pleadings to what extent appellee had control or no. control over the premises.
It appears to us that a cause of action has been stated by . appellant against ap-pellee, and that the ruling of the trial court on the exception of no right or cause of .action is erroneous.
Reversed and remanded.