BOLIN, Judge.
By this action Central Louisiana Telephone Company, Inc. seeks recovery of $2406.57 as damages allegedly resulting from Green-Snider Construction Company’s negligence in destroying or damaging 10 telephone poles and wiring owned by Central. Green-Snider filed an answer, recon-ventional demand and third-party complaint against the Department of Highways, State of Louisiana, seeking reimbursement for any damages which it might be required to pay plaintiff in the principal action. A plea of prescription was sustained as to the re-conventional demand and is not an issue on appeal. By supplemental petition plaintiff joined the Department of Highways as defendant asking for damages in solido against both defendants. The lower court awarded judgment in favor of plaintiff against Green-Snider for $1132.46 and rejected all demands against the Department of Highways. From this judgment both Green-Snider and Central appeal.
The Department of Highways entered into a written contract with Green-Snider on April 28, 1966, for the widening, grading and surfacing of a road in Richland Parish, Louisiana. Located in the right-of-way of this project were a number of utility lines, among which were the lines of Central or its predecessors.
Negotiations were commenced on March 1, 1966, between Central and the Department of Highways looking toward an agreement for the removal and relocation of 47 of Central’s poles and attached lines. It was understood the Department of Highways would bear 50% of the cost of this relocation which was estimated to be $4748.03. There was extensive correspondence between Central and the Department of Highways. An agreement was finally executed and a work order issued on August 1, 1966. However, it was provided in. a letter accompanying the agreement that Central was not to commence relocation until final approval of the planned operation was obtained from an engineer with the Department of Highways. This correspondence was ostensibly received on August 8, 1966, and plans to commence work were set for August 15, 1966.
On August 13, 1966, Central was notified that part of the line was out of order apparently due to the use of large earth-moving equipment by employees of Green-Snider. Although the lines were subsequently relocated and service reinstated by the telephone company this work was not performed under the terms of the contract for relocation with the Department of Highways. No demand was made on the Department of Highways for reimbursement under the contract. It is alleged Central was prevented from complying with the contract because of the failure of the Department of Highways to timely deliver the agreement.
*75 Appellant Green-Snider urges on appeal that plaintiff has failed to prove any damages were caused by the fault of the contractor, except for two poles and 600 feet of wire which were admittedly destroyed in the operation of a “bulldozer”. As to these items it is contended defendant is liable only for the salvage value since it was shown the poles had been in place for at least ten years.
Green-Snider also contends the lower court erred in admitting into evidence, over appellant’s objection, a statement of cost of repairs which was prepared by plaintiff’s engineer without having the engineer, under whose supervision the statement was prepared, testify as to the correctness thereof.
The statement of Central’s engineer was admissible for the limited purpose of establishing, together with other testimony, the amount of material and labor which plaintiff used in repairing the damage. The construction foreman, for Central was sent to the site of the repairs and relocation for the telephone company. He testified he personally kept an account of the amount of material and labor used in salvaging, repairing and relocating the downed portion of the line. His field notes were turned over to the engineer and from these notes the statement referred to was prepared in the office of his company. The manager of Central instructed the engineer to make the cost estimate of the facilities that were destroyed. He testified he went over the estimates and determined the accuracy thereof at the time they were prepared. Another employee of Central testified as to the number of poles destroyed and the amount of new wire and equipment which was necessary to rebuild the line.
By its appeal plaintiff seeks an increase in the award to the full amount of its original demand calculated on the amount of expenditures for material and labor. We find the evidence preponderates in favor of plaintiff for $1132.46, which was the amount claimed for destroyed material and material which was necessary for Central to replace. We are further convinced from the allegations of the petition and testimony of all the witnesses that the damage was caused by the fault of Green-Snider’s workmen while operating a bulldozer under its contract with the Department of Highways.
However, since Central had contracted with the Department of Highways to relocate 47 poles in order to allow for widening and surfacing this particular section of road, and the testimony of plaintiff’s own witness is that it required no more man-hours to relocate the poles because of the aforesaid damage than if it had been, done prior to the damage, we hold plaintiff is not entitled to recover for its labor costs.
With regard to the third-party complaint against the Department of Highways, we conclude there is no evidence to show the damage caused by Green-Snider was occasioned by any action of the Department of Highways. The contract between the Department of Highways and Green-Snider places the burden on the latter to repair, at its own expense, any damage to utility lines caused by any act, omission, neglect or misconduct in the execution of its work.
Central’s demands against the Department of Highways are predicated on the latter’s delay in issuing a work order pursuant to the contract between the parties. Central argues it received the order too late to allow removal and relocation of its poles and lines before Green-Snider began bulldozing, which action on the part of the Department of Highways amounted to a tort contributing to Central’s injury. While there appears to have been considerable delay in delivering the completed agreement and work order for relocation of telephone poles and lines, we find this delay did not constitute tortious conduct so as to render the Department of Highways liable as joint tort-feasor with Green-Snider.
The judgment of the lower court is affirmed, cost of this appeal to be assessed *76 against Green-Snider Construction Company.