249 So.2d 334 (1971)
James A. STERLING et ux.
v.
Harness JONES et ux.
No. 8367.
Court of Appeal of Louisiana, First Circuit.
May 31, 1971.
Rehearing Denied June 30, 1971.
*335 Ralph L. Roy and Sargent Pitcher, Jr., Baton Rouge, for appellants.
Richard J. Dodson of Benton & Moseley, Harvey H. Posner of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
This appeal raises the novel legal issue of whether one party to a lawsuit may recover damages against his adversary's attorney because of the attorney's unauthorized withdrawal of pleadings filed on behalf of his client who was claimant's opponent. The trial court answered the question in the negative. We agree.
Narration of events leading to this present controversy is indispensable to a clear understanding of the issue presented.
On February 17, 1955, Harness Jones and his wife, Mary Jones, defendants in this present action, instituted suit against plaintiffs herein, James A. Sterling and his spouse, Lula Barrow Sterling, seeking damages for the alleged wrongful death of the Joneses' daughter. On March 1, 1955, the firm of Benton & Moseley, consisting of Fred Benton, Sr. and Donald Moseley, as counsel for defendants, James and Lula Sterling, filed peremptory exceptions of no right and no cause of action on behalf of the Sterlings. Approximately three years and three months after filing the mentioned exceptions, Benton and Moseley moved the trial court for permission to withdraw as counsel of record for the Sterlings, and further requested that the *336 exceptions filed be canceled and erased from the record and that plaintiffs in the action be permitted to proceed according to law. On July 25, 1958, the motion was granted in its entirety by the then presiding trial judge. It is asserted by Benton & Moseley that their motion to withdraw and cancel pleadings filed was predicated in part upon the request of the attorney who represented the Joneses in the mentioned wrongful death action. On the same day that Benton & Moseley's motion was granted, a preliminary default was entered against the Sterlings by counsel then representing the Joneses. The default judgment thus obtained was confirmed June 19, 1963, by a decree awarding the Joneses recovery against the Sterlings, in solido, in the sum of $6,000.00, together with legal interest from date of judicial demand, until paid, and all costs.
Suit was instituted by Mr. and Mrs. Sterling to annul the default judgment rendered against them. The Sterlings claimed the judgment against them was null because they did not participate therein. They also maintained the assailed decree was invalid because they had no knowledge of the proceedings, and further because their attorneys, Benton & Moseley, were not authorized to withdraw as counsel therein or cancel the responsive pleadings filed by said attorneys in defense of the Sterlings' interests. In a supplemental pleading, the Sterlings alleged they were never informed of Benton & Moseley's withdrawal as their counsel and contended that the default judgment rendered against them was null because it was obtained in contravention of the provisions of LSA-C.C.P. art. 2002.
The Sterlings' nullity action was dismissed by the trial court on peremptory exceptions of no right and no cause of action filed by the Joneses as defendants therein. On appeal by the Sterlings, the judgment of dismissal was affirmed by this court. See James A. Sterling, et ux. v. Harness Jones, et ux., 222 So.2d 343. On writs of review granted by the Supreme Court, the default judgment in favor of the Joneses was set aside and the matter remanded to the trial court, 255 La. 842, 233 So.2d 537. In the trial court, the Joneses filed a third party demand in the Sterling annulment seeking recovery from Benton & Moseley, and the individual members of the firm, on the ground that said attorneys were responsible for the annulment of the default judgment which had been rendered in the Joneses' favor. Benton & Moseley excepted to said third party demand as stating no right and no cause of action. These exceptions were sustained by the trial court and the Joneses' third party demand dismissed. From said adverse determination, the Joneses have taken this present appeal.
Appellants, relying on Adams v. Fidelity and Casualty Company of New York et al., La.App., 107 So.2d 496, and Ellender et al. v. Sabel et al., La.App., 175 So.2d 714, maintain that defendant law firm breached a duty owed appellants when said attorneys withdrew as counsel for the Sterlings under the circumstances delineated above.
In Adams v. Fidelity and Casualty Company of New York, above, a surviving widow brought action, for herself and for the use and benefit of three surviving minor children of decedent, against various corporate officers of the employer of her deceased husband who sustained fatal injuries within the scope and during the course of his employment. In determining liability of the corporate officers made defendants therein, the court held:
"* * * a director, officer, or agent of the corporation is liable to third persons for injuries proximately resulting from his breach of duty to use care not to injure such persons, whether that breach is one of omission or commission."
* * * * * *
"In the determination of such liability, therefore, the questions to be decided are: (1) Was there any duty on the part *337 of the director, officers, or agent to use care not to injure the third person involved? (2) Did the act or omission of the director, officer, or agent constitute a breach of that duty?"
In Ellender et al. v. Sabel et al., above, defendant in the main demand filed a third party demand against an agent of plaintiff in the principal action. Third party defendant's exception of no right and no cause of action to the third party demand was sustained and third party plaintiff appealed. In defining the liability of an agent to a third party, the court in Ellender, above, stated as follows:
"From this holding has come the generally applied and accepted rule in Louisiana that an agent is not ordinarily liable to third persons for his nonfeasance where the non-performed act was owed only to the principal."
* * * * * *
"Accordingly, where an agent has entered upon an undertaking and neglects to perform a duty owed to his principal, if by this neglect he violates a duty he owes to a third person also, he is personally liable to the latter, his liability not being based on agency but upon the ground that he is a wrongdoer or has failed in the common-law obligation to use that which he controls so as not to injure another; but where, as stated in § 233 infra, the agent in the performance of his undertaking omits a duty owed solely to his principal, although he is the cause of a breach of the principal's duty owed to the third person, he is guilty of no misfeasance in respect of the third person and is not liable to him."
In Ellender v. Sabel, above, plaintiff sought recovery for a building destroyed by fire during the process of defendant removing therefrom certain machinery and equipment purchased by defendant from plaintiff through plaintiff's agent, Chauvin. Defendant third partied Chauvin on the ground that Chauvin failed "to free and remove all traces of ammonia and other type gases and/or inflammables from the pertinent buildings, equipment and machinery." Third party defendant excepted to the demand against him on the ground that he had no control over the building that suffered the damage and therefore owed no duty to third party plaintiff. In Ellender, above, the court concluded that the agent's alleged lack of control was a factual matter properly determinable on trial of the merits. On this basis, the court overruled third party defendant's exceptions.
We interpret Adams, above, and Ellender, above, as establishing the rule that an agent may incur liability to third parties provided the agent is found to have owed the third party a duty and has breached such duty. In this instance, Benton & Moseley owed a contractual duty to their clients, the Sterlings. It is clear that Benton & Moseley owed no contractual duty to the Joneses in this case. It follows that if Benton & Moseley are liable to the Joneses herein, such liability is delictual in nature.
It has not been shown, nor can we conceive, wherein Benton & Moseley owed a duty ex delicto to third party plaintiffs in this matter. Appellants herein merely alleged they have sustained loss of a default judgment due to Benton & Moseley's withdrawal of pleadings filed on behalf of a litigant who was appellant's opponent in the matter in which the preliminary default was obtained. Appellants' sole basis for complaint is that Benton & Moseley had no authority to withdraw the pleadings in question. We fail to see wherein such conduct constitutes a tortious act insofar as appellants are concerned. In substance, appellants' petition avers that the duty involved was owed the clients of Benton & Moseley, not appellants.
*338 It is not contended that Benton & Moseley, in withdrawing the pleadings, misled appellants to rely thereon on the representation that such withdrawal was with the consent of Benton & Moseley's client. It is contended only that withdrawal of the exceptions was the cause of the reversal of appellant's default judgment. Under these circumstances, we fail to see wherein the attorneys concerned breached any duty ex delicto owed appellants.
Appellants also contend that Benton & Moseley are liable herein as agents pursuant to the rule set forth in 3 C.J.S. Agency § 206, p. 113 as follows:
"One who assumes to perform acts for another with no authority in fact from his purported principal is guilty of a wrong to those dealing with him in reliance on his assumed authority in that they are deprived of the benefit of the responsibility of the principal * * *"
The above rule is inapplicable to the case at hand. It is neither shown nor alleged that the attorneys in question represented to appellants that they were authorized to withdraw the pleadings and that appellants relied on such representation. In addition, the action of the agent in this instance does not deprive appellants, as third parties, of their rights against the principal, the alleged tort feasor. The rule in question is intended to apply only where the unauthorized act of the agent leaves the third party with no claim against the principal who is not bound by the transaction because the agent had no authority to bind the principal in the first place. Appellants in this instance still possess their original cause of action against the Sterlings.
The judgment of the trial court is affirmed; all costs of this appeal to be paid by third party plaintiffs, Harness Jones and Mary Jones.
Affirmed.