STOULIG, Judge.
Plaintiff, Terry Richardson, filed suit against Clifford J. Darby, owner-lessor; State Farm Fire and Casualty Company, his liability insurer; and Chris R. Valley, the rental and management agent who handled the property, for personal injuries she allegedly incurred because of a vice or defect in the premises. After entering into a compromise agreement with the owner and his insurer, plaintiff dismissed her suit against them. The claim against co-defendant Valley, grounded on allegations of his negligence, remained. Valley then pleaded exceptions of no right or cause of action which the trial court maintained and dismissed plaintiff’s suit.
We reverse. For the purposes of deciding an exception of no cause of action, the allegations of the petition must be accepted as true. C.C.P. art. 931.
In essence, plaintiff claims Valley’s negligence consisted of failure to take steps to correct a defect in the premises he knew existed and a failure to comply with the owner’s mandate to him as agent to inform the owner of defects and to see to their repair. Plaintiff states a cause of action under C.C. art. 2315.
In resisting reversal, appellee contends the compromise between the claimant-owner/insurer also released the real estate agent. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960), cited in support of this proposition, is distinguishable in that the claimant therein released a vicariously liable employer by entering into a compromise with the employee-tortfeasor. In that case there was one cause of action based on the employee’s negligence and under the respondeat superior doctrine, the employer’s derivative liability is limited to the amount for which his employee might be cast. In the case before us, the petition states a cause of action against Valley based on his individual negligence. The lessor’s alleged liability was grounded on C.C. art. 2695, allegations of negligence independent of those of Valley, and under the doctrine of respondeat superior. In short the petition alleged Valley and Darby were co-tort-feasors.
“An agent’s liability for his own tor-tious acts is unaffected by the fact that he acted in his representative capacity or by the authority or direction of another * * *3 C.J.S. Agency sub. D. Torts § 379 at page 201.
The jurisprudence governing the liability of an agent for tortious acts committed against third persons in fulfilling the mandate of its principal is expressed in the cases of Ellender v. Sabel, 175 So.2d 714 (La.App. 1st Cir. 1965), and Sterling v. Jones, 249 So.2d 334 (La.App. 1st Cir. 1971). In Ellender the court stated:
“ * * * [T]he generally applied and accepted rule in Louisiana [is] that an agent is not ordinarily liable to third persons for his nonfeasance where the non-performed act was owed only to the principal. * * * ” 175 So.2d at 718.
The court in Sterling held:
“We interpret * * * Ellender, above, as establishing the rule that an agent may incur liability to third parties provided the agent is found to have owed the third party a duty and has breached such duty. * * * ” 249 So.2d at 337.
*727 Plaintiff’s petition does set forth specific allegations of duties which she alleged the rental agent breached. Based upon these averments, which must be accepted as true for the purposes of this exception, plaintiff’s petition is not vulnerable to an exception of no cause of action.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings consistent with the views herein expressed. Ap-pellee is to pay the cost of this appeal.

REVERSED AND REMANDED.