397 So.2d 849 (1981)
Gustave JONES
v.
GENTILLY DODGE, INC.
No. 11773.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
*850 McCann & Volk, James A. McCann, New Orleans, for plaintiff-appellant.
Liskow & Lewis, Frederick W. Bradley, New Orleans, for defendant-appellee.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
GULOTTA, Judge.
Plaintiff appeals from the dismissal, on an exception of no right of action, of the claim for the value of the loss of a motor van transferred and assigned in subrogation to his insurer. We affirm.
The petition alleges that plaintiff on March 25, 1977 purchased a motor van from Gentilly Dodge, Inc. and on June 7, 1977 returned the van to defendant for repairs and adjustments within the warranty. These repairs were sought by plaintiff in anticipation of a vacation trip. While in the possession of Gentilly Dodge, the van was stolen and never recovered. Plaintiff's petition, filed on May 23, 1978, seeks, in addition to damages for the loss of the van, loss of contents, inconvenience, the rental expense incurred from obtaining an alternate vehicle, and loss of enjoyment of vacation.
Allstate Insurance Company, plaintiff's theft insurer, in consideration of the payment to plaintiff of a sum of $10,500, obtained from plaintiff a certificate of satisfaction and subrogation agreement. Paragraph 3 of the agreement provides:
"3. The Insured hereby, assigns, transfers, and sets over to the Insurer any and all claims for or causes of action of whatever kind and nature which the Insured now has, or may hereafter have, to recover against any person or persons as the result of said occurrence and loss above described, to the extent of the payment above made; the Insured agrees that the Insurer may enforce the same in such manner as shall be necessary or appropriate for the use and benefit of the Insurer, either in its own name or in the name of the Insured; ..."
The above appears in the printed form part of the agreement. However, a typewritten addition was made to the subrogation agreement and provides:
"5. Insured reserves rights to enforce claim against any person or persons for negligence or theft (including breach of duty) for any damages and/or loss in excess of this settlement."
The agreement also contains a handwritten recitation that provides:
"This agreement pertains to above described vehicle only, and settlement of *851 $10,500.00 for actual value of said vehicle."
The vehicle described in the agreement is the van belonging to the insured that was apparently stolen from defendant's yard.
The trial judge maintained defendant's exception of no right of action "insofar as the value of the van is concerned (value $10,500)".
As pointed out in brief, Allstate has never asserted a claim against Gentilly Dodge for the loss and that claim is now prescribed.
The multi-faceted contentions of plaintiff in this appeal are, 1) that in paragraph 5 of the subrogation agreement, plaintiff reserved his right to enforce his claim for any damages in excess of the settlement including the loss of the van, when Allstate has failed to assert a claim for that loss; 2) that if any contradiction or conflict exists in the subrogation agreement between the language in the printed form and the typewritten addition, the typed addition supersedes the printed provisions; 3) that defendant has no right to assert or receive protection or advantage from the subrogation agreement to which it was not a party; and 4) that paragraph 5 grants a partial subrogation to Allstate requiring enforcement by a suit of both plaintiff and Allstate (subrogor and subrogee) and, because Allstate chose not to seek recovery, plaintiff is entitled to seek full recovery under paragraph 5 of the agreement. In this connection, plaintiff claims that suit filed only by the subrogor where there has been a partial subrogation, is subject to the exception of non-joinder, but that this exception has been waived by Gentilly Dodge. Finally, plaintiff contends, 5) that the "collateral source rule" does not permit the wrongdoer (Gentilly Dodge) to take advantage of an agreement between Allstate and plaintiff to deny a claim by the injured party, plaintiff.
Considering plaintiff's contentions in the order presented, we reject the claim that paragraph 5 of the subrogation agreement reserves the right to assert against Gentilly Dodge a claim for the value of the loss of the van. It is true that where conflict exists between the printed part of the agreement and any typewritten addendum, the typewritten recitation supersedes the printed provisions. See Dean v. Pisciotta, 220 La. 725, 57 So.2d 591 (1952); Kuhn v. Stan A. Plauche Real Estate Company, 249 La. 85, 185 So.2d 210 (1966); Executive House Bldg., Inc. v. Optimum Systems, Inc., 311 So.2d 604 (La.App. 4th Cir. 1975), writ denied, 313 So.2d 847 (La.1975). However, we do not find the existence of a conflict between paragraph 3 and paragraph 5 of the agreement. In paragraph 3, the plaintiff plainly assigned and transferred to Allstate any claims or causes of action that he had for the loss of the vehicle described in the agreement. Plaintiff has transferred this property right to Allstate and is no longer the owner of a claim against defendant for the loss of the vehicle. He has been paid for that property right by Allstate and Allstate alone is entitled to assert a claim against Gentilly Dodge for that loss. Paragraph 5 merely reserves to plaintiff the right to enforce any claim resulting from the theft in excess or in addition to the claim for the loss that had been assigned to the Insurer. Those claims as asserted in the petition for loss of contents, inconvenience, rental expense and loss of enjoyment are viable. It is clear that these claims, as well as any others, except the loss of the vehicle, are reserved in paragraph 5 of the agreement.
The right to assert a subrogated claim rests with the subrogee. See LSA-C.C.P. 697.[1] See also, LSA-C.C.P. 698 relating to assignments.[2]Rond v. Sims, 355 So.2d 591 *852 (La.App. 4th Cir. 1978), writ denied, 357 So.2d 1164 (La.1978); Mount Beacon Insurance Company v. Mills, 205 So.2d 144 (La. App. 2nd Cir. 1967); and, Younger v. American Radiator & Standard San. Corp., 193 So.2d 798 (La.App. 3rd Cir. 1967), application denied, 250 La. 368, 195 So.2d 644 (La. 1967).
We might add that in addition to the August 18, 1977 subrogation agreement, plaintiff on August 23, 1977 for the same consideration as recited in the subrogation agreement, transferred ownership of the lost van to his insurer, Allstate Insurance Company.
Simply put, the right to assert the claim for the loss of the van rests with the subrogee, Allstate, and no right exists with plaintiff, irrespective of whether or not Allstate desires to or fails to assert its rights. Plaintiff has transferred his rights and simply has no right to assert for the loss of the van. Accordingly, we find no merit to the first two arguments raised by plaintiff.
We reject also plaintiff's contention that because Gentilly Dodge was not a party to the subrogation agreement it is not entitled to interpret the agreement in such a way as to obtain an advantage and benefit from it. Although we have no quarrel with the conclusions reached in Perry v. Shockley, 3 La.App. 25 (1925) and Richardson v. Darby, 352 So.2d 725 (La.App. 4th Cir. 1977), cited by plaintiff, reliance by him on LSA-C.C. art. 3077[3] and those cases is misplaced. These cases and the codal article merely stand for the proposition that where there are several defendants in a law suit and a compromise has been entered into by one of them, the remaining defendants cannot assert the compromise as a bar to plaintiff's suit against them.
In Richardson v. Darby, supra, the court concluded that one co-defendant could not assert a defense of compromise entered into with plaintiff by a remaining defendant since plaintiff's cause of action against the co-defendant (who was not a party to the compromise) was based on that defendant's individual negligence. In Perry v. Shockley, supra, the court concluded that an agreement or compromise between two parties to which a third party was not a party will not bind that third party.
The facts in our case do not fall within the ambit or realm of LSA-C.C. art. 3077 or the Richardson and Perry cases. In the instant case, there is no agreement or compromise of a litigious right between two parties as contemplated in LSA-C.C. art. 3077 or present in the Richardson and Perry cases. This is not a case where a plaintiff is prevented from suing one of several defendants because of an agreement or compromise entered into by the remaining defendant. The instant case involves the transfer of a property right in subrogation and it is of no interest to defendant whether the subrogor or subrogee asserts that right. What is of interest to defendant is that the proper party, who owns that property right of recovery, is the party asserting that right. As pointed out by Gentilly Dodge in argument, if we were to follow the logical extension of plaintiff's argument, a defendant trespasser in a tort suit could not claim that a plaintiff seeking damage for trespass had sold the property prior to the trespass and no longer owned the property allegedly damaged. Such an extension reaches an untenable result.
Accordingly, we conclude that the subrogation agreement is binding upon plaintiff's claim for the loss of the van and defendant is entitled to assert the existence of the subrogation agreement as a bar to plaintiff's claim for that loss.
Finally, we reject the suggestion by plaintiff that the "collateral source rule", which prevents the introduction of evidence *853 of collateral sources of recovery by plaintiff is applicable in our case. Plaintiff relies on the language of the court in Central Louisiana Tel. Co. v. Green-Snider Const. Co., 228 So.2d 73 (La.App. 2d Cir. 1969) where the court stated, on rehearing:
"Our statutes do not permit a wrongdoer to take advantage of a collateral source of compensation that may be available to the injured party."
This cited language is simply not applicable to our case. Gentilly Dodge is not taking advantage of the receipt by plaintiff of a collateral source of compensation. One claim for the loss of the vehicle exists against defendant. That claim has been transferred by plaintiff to his insurer in subrogation. Plaintiff has no right now to assert a claim for that loss. Defendant is not seeking to be exonerated from liability to plaintiff based on receipt by plaintiff of a collateral source of compensation that extinguishes defendant's liability. For the purposes of the exception of no right of action, defendant's contention is not that the payment by Allstate to plaintiff extinguishes the obligation but that Allstate now is the proper party to assert that obligation. Again, it makes no difference whether or not Allstate pursues the assertion of its claim. It is Allstate's determination whether or not to pursue that claim. Allstate's action or inaction as subrogee cannot lessen or increase plaintiff's entitlement to recover for the loss of the van.
Accordingly, for the foregoing reasons, we hold that the exception of no right of action was properly maintained insofar as the plaintiff's claim for the loss of the van. The judgment is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 697 reads as follows:

"Art. 697. Subrogor and subrogee
An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated."
[2] LSA-C.C.P. art. 698 reads as follows:

"Art. 698. Assignor and assignee An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned."
[3] LSA-C.C. art. 3077 reads as follows:

"Art. 3077 A transaction made by one of the interested parties is not binding for the others, and can not be opposed by them."