GULOTTA, Judge.
Appealing from a $3,394.17 jury verdict in this automobile accident case, Cumis Insurance Society, Inc., insurer of the owner of the defendant vehicle, contends: 1) plaintiff failed to prove insurance coverage by Cumis; 2) plaintiff had no right of action since his own insurer, Allstate Insurance Company, became subrogated to his claim; and, 3) the $1,302.69 jury award for property damage was erroneous because it exceeded the automobile’s value.
The accident occurred on February 3, 1979, at the intersection of Caffin and Urquhart Streets in New Orleans at approximately 5:30 p. m. Earl Smith’s automobile, southbound on Caffin, was side-swiped by the defendant truck headed northbound as it attempted to pass another vehicle. After the collision, the defendant truck failed to stop and left the scene. Plaintiff gave chase and found the truck abandoned fifteen blocks from the accident site.
Smith learned from the truck owner, Freddie Green, that he had loaned the truck to Earl Venible on the day of the accident. According to Green, Venible told him someone had stolen the truck.
Smith’s damage suit was directed against; 1) Green’s insurer, Cumis; 2) Earl Venible; and 3) Allstate, plaintiff’s uninsured motorist and medical pay insurer. Allstate thereafter paid plaintiff $3,000.00 in uninsured motorist payments and $356.19 in medical payments under the policy and became subrogated to plaintiff’s claim for that amount.
Based on the conventional subrogation, Allstate intervened seeking reimbursement from Cumis and Venible for the amounts paid to plaintiff. This claim was compromised and the intervention was dismissed.
The matter went to trial on Smith’s claim against Venible and Cumis. Judgment was rendered in favor of plaintiff and against these defendants in solido.
PROOF OF INSURANCE POLICY AND COVERAGE
We find no merit to defendants’ contention concerning lack of proof of policy coverage. Although plaintiff did not introduce the policy into evidence, Cumis, in answer to Allstate’s request for admissions of fact, admitted that Green’s vehicle was covered under a policy of liability insurance and that if Earl Venible were using Green’s vehicle with his permission, then Cumis would be liable up to policy limits.
We reject Cumis’ contention that only Allstate, not plaintiff, can rely on the admissions to prove insurance coverage. LSA-C.C.P. Art. 1468, concerning the effect of an admission, states, in pertinent part:
“Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... Any admission made by a party under Articles 1466 and 1467 is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.” (Emphasis ours.)
Although any admission made by a party is only for the purpose of the pending action, we do not interpret this article to limit its use to the party who requested the admissions.
Moreover, Allstate, when requesting the admissions, was the conventional subrogee of a portion of plaintiff’s claim against Cu-mis, and “stood in the shoes” of the plaintiff-subrogor. See Great American Indemnity Co. v. Laird, 73 So.2d 6 (La.App. 2d Cir. 1954). It would be anomolous, therefore, to deny plaintiff the use of defendant’s admission made to plaintiff’s partial subrogee in the same proceeding as proof of a fact essential to both plaintiff and the subro- *1363 gee’s claims against defendant. Accordingly, we conclude that Cumis’ admissions establish coverage.
We likewise reject Cumis’ contention that plaintiff failed to prove Earl Venible was operating the defendant truck with Green’s permission at the time of the accident. Although plaintiff could not identify the driver of the defendant vehicle, the circumstantial evidence indicated Venible was the negligent operator. Undisputed evidence indicated Green’s truck had left the scene of the accident with a flat tire, and Catherine Brown, a witness who knew Venible, testified that she had seen Venible operating a truck fitting that description in the vicinity of the accident site within ten minutes after hearing the noise of the crash.
The only evidence rebutting plaintiff’s version was the hearsay testimony concerning Venible’s self-serving statement to Green that the truck had been stolen sometime after Green had loaned it to him. Venible did not appear at trial. Under the circumstances, we find no error in the jury’s finding that Venible was the driver of the truck.
PLAINTIFF’S RIGHT OF ACTION
We are not persuaded by defendant’s argument that plaintiff has no right to assert a claim against Cumis after receiving $3,356.19 under his policy of insurance with Allstate, or, alternatively, that Cumis should be allowed a credit in this amount.
After receiving $356.19 in medical payments from Allstate, plaintiff executed a “Release and Subrogation Receipt” in favor of his insurer “to the extent of the payment....” He also received a separate $3,000.00 uninsured motorist payment and executed an “Uninsured Motorist Release” in Allstate’s favor “to the extent of the payment. .. ,”[1]
We do not quarrel with the authorities cited by Cumis for principle that the right to assert a subrogated claim rests with the subrogee.[2] Furthermore, these same authorities establish that where subrogation is partial, the subrogor may enforce his claim judicially and recover to the extent of his retained interest.
In our case, the partial releases executed by plaintiff were “to the extent of the payment” received. Moreover, plaintiff admitted that he had received funds in settlement from Allstate. Although aware of this fact, the jury nonetheless chose to award plaintiff a verdict over and above the subrogated amount.[3]
Accordingly, we view the jury’s award as an amount which the jury intended in excess of the amount recovered by plaintiff in subrogation. Under the circumstances, we cannot say the jury was clearly wrong in making this award.
PROPERTY DAMAGE
Finally, we reject defendant’s argument that the jury erred in awarding $1,302.69 in property damages.
Plaintiff’s appraiser estimated the cost of repair at the amount awarded. Although this witness also stated that this cost exceeded the value of the vehicle, no evidence *1364 was offered to establish the automobile’s value. Furthermore, plaintiff testified that he owned the car at the time of trial and that he had spent approximately $1,200.00 for repairs. Considering that the jury had before it only the cost of repair, we cannot find error. Defendant had as much opportunity as did plaintiff to submit evidence of the value of the vehicle. In the absence of any additional evidence, we find no error.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. The Allstate policy is not in the record and we are at a loss to know the exact wording. In oral argument, Cumis’s counsel stated that Allstate became subrogated to plaintiffs claims for medical payments, pain and suffering and loss of wages to the extent of the payments to plaintiff. Plaintiff’s counsel, on the other hand, views the Allstate payments as pertaining to plaintiff’s claim for pain and suffering and medical payments but not for property damage or loss of wages.

. See LSA-C.C.P. Art. 697; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120 (1921); Smith v. Foucha, 172 So.2d 318 (La. App. 4th Cir. 1965); Younger v. American Radiator & Standard San. Corp., 193 So.2d 798 (La.App. 3rd Cir. 1967); Carl Heck Engineers, Inc. v. Daigle, 219 So.2d 294 (La.App. 1st Cir. 1969); Rond v. Sims, 355 So.2d 591 (La.App. 4th Cir. 1978); Jones v. Gentilly Dodge, Inc., 397 So.2d 849 (La.App. 4th Cir. 1981).

.In response to specific interrogatories, the jury awarded plaintiff the following amounts: $1,500.00 for pain and suffering; $372.10 for medical expenses; $219.38 for loss of wages; and, $1,302.69 for property damage, or a total award of $3,394.17.