472 So.2d 194 (1985)
Roy C. BELLAMY
v.
GARBER BROTHERS, INC.
No. CA-2967.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
Rehearing Denied July 26, 1985.
*195 Leonard A. Radlauer, New Orleans, for plaintiff-appellant.
Edward J. Koehl, Jr., J. Daniel Rayburn, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Roy Bellamy, filed suit against defendant, Garber Brothers, Inc. (hereinafter "Garber"), for injuries plaintiff sustained as a result of a collision between the M/V Charleen B and the M/V Kimmie C. Garber, owner of the M/V Kimmie C, filed peremptory exceptions of no right and/or no cause of action, prescription, and nonjoinder of an indepensible party. Without ruling on the exception of nonjoinder, the trial court maintained, without reasons, Garber's exceptions of no right of action and prescription. We reverse.
The record reflects that at the time of the collision, January 12, 1976, Bellamy was employed by the Pennwalt Corp. (hereinafter "Pennwalt") and Automatic Power, Inc. (hereinafter "Automatic") and was working as a crewman on the M/V Charleen B. On May 18, 1977 plaintiff executed a release and entered into a settlement with Pennwalt, Automatic and their insurer, Atlantic Mutual Insurance Co. (hereinafter "Atlantic"), whereby Atlantic paid him the sum of $58,544.00 for injuries plaintiff sustained in the collision. The Release contained the following provisions:
I do not release from liability but expressly reserve to myself, my heirs, legal representatives and assigns, any and every claim or cause of action which I now have or may hereafter have against the owner and operator of the M/V Kimmie C on account of or in consequence of said collision and any bodily or other injury sustained by me as a result of said collision of on or about January 12, 1976.
IN FURTHER CONSIDERATION of the payment to the undersigned the aforementioned $58,544.00 I, the undersigned, further agree to subrogate, and by these presents do subrogate and assign the "settling parties" to the extent of $58,544.00,

to all rights, claims, actions, or causes of action which I, the undersigned, may have against any other person, *196 firm, corporation or vessel including the owner and operator of the M/V Kimmie C, by reason of injuries and damages sustained by the undersigned on account of the aforesaid collision of on or about January 12, 1976, and I hereby authorize and empower the "settling parties", including underwriters, to collect, compromise, or sue in their own name for the amount of damages sustained as aforesaid. (emphasis added).
On June 13, 1977, Atlantic filed suit in federal district court to recover the $58,544.00 from Garber. In its complaint Atlantic alleged:
Prior to the matter herein related, the Atlantic Mutual Insurance Company, had duly issued its policy of protection and indemnity insurance covering the M/V Charleen B, and has paid thereon to the said Roy Bellamy, on account of injuries he sustained in the aforesaid collision, the sum of Fifty-Eight Thousand Five Hundred Forty-Four and No/100 ($58,544.00) and has become the assignee and subrogee of all of his rights of recovery against the owner of the M/V Kimmie C for said injury.
Atlantic's suit was still pending as of the date of the institution of Bellamy's action, July 31, 1979.
In its exceptions to Bellamy's suit, Garber asserted that plaintiff had no cause or right of action as he "had fully assigned and subrogated all of his rights in said suit to [Pennwalt] and [Automatic] ..." Garber further asserted that Bellamy's action "is prescribed or subject to the defense of laches since said Petition, filed on July 31, 1979, was brought more than three and a half (3½) years after the date of the alleged casualty of January 12, 1976."
It is well settled that exceptions of no cause of action and no right of action are separate and distinct, the former being used to test the sufficiency of the petition and the latter to determine whether the plaintiff belongs to the particular class of individuals to whom the law grants a remedy for the harm alleged. Steadman v. Sladovich, 430 So.2d 816 (La.App. 5th Cir. 1983). The exception of no right of action raises the question of whether plaintiff has any interest in enforcing judicially the right asserted. Slocum v. Daigre, 424 So.2d 1074 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 128 (La.1983).
We believe it is clear from the above quoted language of the Release that the parties to the Release intended for the release and subrogation to extend only to that amount of money paid by Atlantic to Bellamy, to-wit: $58,544.00. Bellamy's claims over and above that amount are, therefore, still viable. See Jones v. Gentilly Dodge, Inc., 397 So.2d 849 (La.App. 4th Cir.1981).
With respect to prescription, plaintiff correctly states that the applicable prescriptive period in this case was three years as per general maritime law. Flowers v. Savannah Machine & Foundry Co., 310 F.2d 135 (5th Cir.1962). Atlantic's suit which was filed approximately a year and a half after the accident was, therefore, timely. Thus, the question before this Court is whether Atlantic's timely suit in federal court interrupted prescription as to Bellamy's subsequent action in State court.
It is well settled that all prescriptions affecting the cause of action therein are interrupted by the commencement of a civil action in a court of competent jurisdiction. LSA-R.S. 9:5801 (repealed); Allstate Ins. Co. v. Louisiana Gas Service Co., 344 So.2d 386 (La.App. 4th Cir.1977), aff'd, 354 So.2d 503 (La.1978). Thus, "when several parties share a single cause of action (as through partial subrogation) suit by one interrupts prescription as to all." Louviere v. Shell Oil Co., 440 So.2d 93, 96 (La. 1983); See National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965); Allstate, supra. Moreover, prescription will be continuously interrupted during the pendency of the first suit. Louviere, supra.
"The underlying reason why prescription does not bar the subsequent claim *197 in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him." Allstate Ins. Co. v. Theriot, 376 So.2d 950, 954 (La.1979); Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La. 1973). When, however, as in the instant case, the subsequent claimant is a different person from the original plaintiff, prescription will only be interrupted if the original suit is based on the same factual occurrence as the second suit and the subsequent claimant is "closely connected in relationship and identity of interest with the original plaintiff." Allstate Ins. Co. v. Theriot, id.
In the instant case it is clear that Atlantic and Bellamy were sufficiently connected in relationship and identity of interest to satisfy the notice requirement set out in Allstate Ins. Co. v. Theriot. Each suit concerns the same factual occurrence and cause of action, the difference being that of quantum. Atlantic's suit asserted part of Bellamy's cause of action and merely sought to recover the $58,544.00 as partial subrogee. Louviere, supra. Atlantic's suit, therefore, served to interrupt prescription as to Bellamy's action in State Court. Because Atlantic's suit was still pending on the date Bellamy instituted his State Court action, Bellamy's action was timely.
For the foregoing reasons, the trial court's judgment is reversed and this matter is remanded for proceedings consistent with this opinion.