CARTER, Judge.
This is an appeal from a judgment sustaining a peremptory exception raising the objection of prescription and dismissing in-tervenor’s subrogation claim for property damages.
FACTS
This action arises out of an automobile accident which occurred on June 6, 1985, in the Parish of St. Tammany. At the time of the accident, plaintiff, Linda L. Case, was operating.a 1983 Toyota Célica insured by U.S. Fidelity & Guaranty Company (USF & G). Linda Case filed suit on January 3, 1986, naming as defendants Leonce A. Richard, Leonce A. Richard, III, and their liability insurer, Greater New York Mutual Insurance Company. In her petition, plaintiff alleged that the accident was proximately caused by the negligence of Leonce A. Richard, III and that, as a result of such accident, she sustained damages for personal injuries and loss of use of the vehicle. On April 11, 1987, Linda Case settled her personal injury claim, and her case was dismissed on May 1, 1987.
On February 24, 1987, (some eighteen months after the date of the accident— June 6, 1985) USF & G filed a petition of intervention in the suit filed by Linda Case against defendants. USF & G insured the 1983 Toyota Célica and had paid $9,050.00 for the property damage sustained in the accident. Defendants, Leonce Richard and his insurer, Greater New York Insurance Company, filed a peremptory exception raising the objection of prescription. In support of this exception, defendants contended that the alleged owner of the 1983 Toyota Célica and USF & G’s insured was Brad A. Pate and not Linda Case. Defendants reasoned that USF & G’s cause of action is separate and distinct from the cause of action asserted by Linda Case in her original petition. Defendants therefore concluded that, as the petition of intervention was not sufficiently connected in relationship and identity of interest to the original claims of Linda Case, the filing of the original petition did not interrupt prescription as to intervenor’s petition.
After hearing, the trial court sustained defendants’ exception pleading the objection of prescription and dismissed USF & G’s petition of intervention. From this adverse judgment, intervenor appeals.
ISSUE
Whether the trial court erred in sustaining the peremptory exception raising the objection of prescription.
DISCUSSION
In Allstate Insurance Company v. Theriot, 376 So.2d 950 (La.1979), the Supreme Court stated:
[I]f ... the subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention; the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff.
The underlying reason why prescription does not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal de *585 mand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof. None of these basic prescriptive values are offended when a subsequent claimant, closely connected in relationship and interest to the original plaintiff, enters the timely-filed suit to assert a claim based upon the same factual occurrence as that initially pleaded, (citations omitted) [376 So.2d at 954]
The pertinent inquiry is whether USF & G’s claim is based upon the same factual occurrence as the claim made by Linda Case in her original petition and whether USF & G is closely connected in relationship and identity of interest with Linda Case.
A. Same factual occurrence
In the instant case, it is undisputed that USF & G’s subrogation claim for property damages arises out of the automobile accident between Linda Case and defendants which occurred on June 6, 1985, and is the same automobile accident which gave rise to Linda Case’s claim for damages for personal injury. Clearly, USF & G’s claim in its petition for intervention is based upon the same factual occurrence as the claim made by Linda Case.
B. Close connexity in relationship and identity
In the instant case, the original petition filed by Linda Case sought to recover damages for her personal injuries and other expenses associated with the accident, including loss of use of the vehicle. The petition of intervention filed by USF & G seeks to collect, by way of subrogation, the property damage to the vehicle. At this juncture, it is crucial to note there is absolutely no proof in the record as to who owns the 1983 Toyota Célica operated by Linda Case and involved in this accident on June 6, 1985. Pleadings filed by plaintiff, Linda Case, assert that plaintiff was operating her vehicle. Pleadings filed by defendants assert that at the time of the accident Linda Case was operating a 1983 Toyota Célica owned by Brad Pate. Pleadings filed by intervenor assert that, pursuant to its obligation under its policy with Linda Case, USF & G paid Linda Case $9,050.00 for property damage.
If Brad Pate was the owner of the vehicle, his claim for property damages (the basis of USF & G subrogation intervention in this proceeding) was a totally separate and distinct cause of action from plaintiff’s original cause of action for personal injuries. Although the petition of intervention is based on the same factual occurrence as Linda Case’s original petition, it is abundantly clear that USF & G would not be closely connected in relationship and identity of interest with Linda Case if she was not the owner of the vehicle at the time of the accident. Conversely, if Case was the owner of the vehicle and granted a partial subrogation to USF & G for the property damage, prescription was interrupted by the filing of Case’s suit because there was only one cause of action sued upon. See, for example, Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983); Bellamy v. Garber Brothers, Inc., 472 So.2d 194 (La.App. 4th Cir.1985).
Since the crucial issue is the ownership of the vehicle at the time of the accident, which has a direct bearing on the close connexity in the relationship and identity of the claimant with the original plaintiff, and because there is no evidence in the record as to ownership of the vehicle, a remand of the case is necessary. LSA-C.C.P. art. 2164. Therefore, to serve the ends of justice, we remand for the purpose of making the record whole and for a proper judgment to be rendered so as to resolve the issue of the ownership of the vehicle involved.
CONCLUSION
For the above reasons, the judgment of the trial court is reversed, and the matter is remanded to the district court for fur *586 ther proceedings consistent with the views expressed herein. All costs of this appeal are to await the final disposition.
REVERSED AND REMANDED.