ARMSTRONG, Judge.
Third-party plaintiff, M & M Industrial Maintenance, Inc. (M & M), appeals a trial court judgment granting an exception of no right of action in favor of third-party defendant, the State of Louisiana, through the Department of Transportation and Development (the DOTD). We now reverse.
This action was originally commenced via suit filed by Farboil Company against J & N Industrial Painting Co., Inc., their bonding company, American Manufacturers Mutual Insurance Co. (American), M & M, their bonding company, United States Fidelity and Guaranty Co., and Reliance Insurance Company. Farboil was the supplier of paint for use on a state project, relating to the Ponchartrain Expressway Overpass at South Broad Street in New Orleans.
During the course of the work, J & N defaulted on the job and the DOTD called upon American, as J & N’s surety, to complete the project. American contracted M & M to complete the project. Because of a dispute which arose between Farboil, M & M, and the DOTD, a large outstanding balance owed to Farboil was left unpaid. This was the basis for the original lawsuit by Farboil.
M & M filed a third-party action against the DOTD alleging negligence in formulating paint specifications and negligent inspection of the work. These alleged actions by the DOTD purportedly caused M & M to perform excessive sandblasting and to apply multiple coats of a particular type of paint, when the DOTD specifications only called for one coat. The DOTD denied any liability.
Prior to trial, all claims were settled except for M & M’s third-party claim against the DOTD. The DOTD filed an exception of no right of action which was sustained by the trial court, dismissing M & M’s claim against the DOTD, allegedly on the ground that there was no evidence to support a finding that M & M had any rights assigned to it (or rights subrogated to) that would give it standing herein. The trial court gave no oral or written reasons for judgment.
From this judgment M & M now appeals.
M & M frames the issues as:
1. Does the “completion agreement” entered into by M & M and American contain an assignment of rights to claim for extra costs and expenses on the state project in question?
2. Is M & M legally subrogated to the rights of J & N and American?
*808 3. Does M & M have a right of action for negligent preparation and/or interpretation of the DOTD specifications?
4. Was a claim for negligent preparation and/or interpretation of specifications presented in the third-party petition of M & M?
The peremptory exception of no right of action raises the question of whether a plaintiff has any interest in judicially enforcing the right asserted. Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594 (La.1984); Bellamy v. Garber Brothers, Inc., 472 So.2d 194 (La.App. 4th Cir.1985); La.C.C.P. arts. 681; 927.
The petition alleges that M & M completed the contract work originally undertaken by J & N pursuant to the completion agreement between it and J & N’s surety, American. The completion agreement, however, contains no contractual assignment of rights by American to M & M. The completion agreement does bind American, as J & N’s surety, to pay M & M the “remaining contract balance of $168,760.00 and all of [American’s] rights to all change orders presently existing or to be performed.” This contractual provision gives M & M a right against American for payment with regard to change orders, not a right against the DOTD for payment of same.
As to the question of subrogation by operation of law, M & M cites La.C.C. art. 1829 which provides in part:
Subrogation takes place by operation of law:
[[Image here]]
In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment.
M & M’s reliance on this principle is misplaced. M & M owes a debt to American. American owes a debt to the DOTD. M & M does not owe a debt with American to the DOTD, nor does M & M owe a debt to the DOTD for American. M & M’s performance of the completion agreement for American gives it no right of recourse against the DOTD. Therefore, M & M is not subrogated by operation of law to the rights of American against the DOTD.
It is clear that M & M has no real and actual interest in asserting a right against the DOTD based upon the assignment of or subrogation to rights possessed by American as surety of J & N.
M & M next argues that it has a right of action against the DOTD under a tort theory based upon the DOTD’s negligence in providing deficient, ambiguous and erroneous specifications for paint to be used in the project, resulting in M & M having to apply more coats of paint to reach a contractually required three (3) mil dry film thickness. The paint was allegedly manufactured by Farboil to DOTD specifications. Louisiana law recognizes such an action under a tort theory, even absent privity of contract. Gurtler, Hebert & Company, Inc., v. Weyland Machine Shop, Inc., 405 So.2d 660 (La.App. 4th Cir.1981), writ denied, 410 So.2d 1130 (La.1982); American Fidelity Fire Insurance Company v. Pavia-Byrne Engineering Corporation, 393 So.2d 830 (La.App. 2d Cir.1981), writ denied, 397 So.2d 1362 (La.1981).
M & M agreed to complete the job contemplating the application of one coat of this type of paint as required by the DOTD. If the DOTD’s negligence in developing and furnishing paint specifications to Far-boil resulted in damage to M & M by causing it to expend more man hours to complete the job and/or apply more coats of paint to reach the required thickness, the DOTD is obliged to repair that damage. La.C.C. art. 2315.
M & M’s third-party petition reflects that it has a real and actual interest in asserting a right against the DOTD in tort.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED