BAILES, Judge.
By this action, plaintiffs seek to annul a judgment rendered against them on June 19, 1963, on the ground that the judgment by confirmation was rendered without a valid judgment by default having been taken against them. The district court sustained exceptions of no cause and no right of action and dismissed plaintiffs’ suit. From this judgment, plaintiffs appealed. Our finding is that the judgment is correct and will be affirmed.
On February 17, 1955, defendants filed suit against plaintiffs to recover a money judgment. The defendants in the 1955 suit (plaintiffs herein) were represented by the law firm of Benton and Moseley who, on March 1, 1955, filed exceptions of no right and no cause of action. On July 25, 1958, Donald Moseley for the law firm of Benton and Moseley, filed a motion seeking permission to withdraw as counsel of record and also seeking the cancellation and erasure from the record the exceptions *344 of no right and no cause of action above noted. On the same date, the Honorable Fred S. LeBlanc, Judge of the 19th Judicial District Court, signed the following order:
“IT IS HEREBY ORDERED that the firm of Benton & Moseley be, and they are hereby permitted to withdraw as counsel of record for defendants, James A. Sterling, Jr. and Lula Barrow Sterling, Jr. and Lula Barrow Sterling, No. 52,490, on the docket of this Court, and that all pleadings heretofore filed by them are permitted to be withdrawn as though no pleadings whatever had been filed, and it is further ordered that the plaintiffs be permitted to proceed according to law in this matter.
“Baton Rouge, Louisiana, this 25th day of July, 1958.
“Fred S. LeBlanc JUDGE, 19th JUDICIAL DISTRICT COURT”
Plaintiffs in this action argue that while they admit the law firm of Benton and Moseley had a perfect right to withdraw as counsel of record, counsel has no right to withdraw the exceptions which had theretofore been filed on plaintiff’s behalf.
Whether plaintiffs had notice of the contemplated and actual withdrawal of attorneys from their representation or of withdrawal of the exceptions which had been pleaded are matters which addresses itself to the attorney-client relationship which existed between plaintiffs and their attorneys.
While plaintiffs argue they had no actual or constructive notice whatever that their former attorney intended to withdraw the exceptions previously filed on their behalf, or that in fact the exceptions had been withdrawn, the authority of the attorney to withdraw a pleading is presumed.
In the absence of an allegation of fact that fraud or ill practices were employed in obtaining the judgment, we find that the preliminary default, whether entered on the date of the withdrawal or at some subsequent legal day, was valid, and accordingly, the judgment in confirmation of the judgment by default is valid and enforceable.
Plaintiffs cite the case of Corley v. Rowan (1962) 146 So.2d 271, as authority for holding that even though the pleading was withdrawn, such withdrawal does not have the effect of withdrawing their appearance. There is no analogy between the cited case and the instant one because the question of jurisdiction was involved in the cited case, and the prejudice complained of was to the adverse party and not to the party represented by the attorney who withdrew from the representation.
For these reasons, the judgment appealed from is affirmed, at appellants’ cost.
Affirmed.