233 So.2d 537

James A. STERLING et ux.

v.

Harness JONES et ux.

No. 49926.

March 30, 1970.

1. Act No. 635 of 1968.

Watson, Blanche, Wilson, Posner & Thibaut, Harvey H. Posner, Baton Rouge, Paul H. Dué, Denham Springs, for appellants.

Sargent Pitcher, Jr., Ralph L. Roy, Baton Rouge, for appellees.

McCALEB, Justice.

This is an action to annul a judgment taken by default on the ground that it was secured in violation of Article 2002(2) of the Code of Civil Procedure. The suit was dismissed in the trial court on an exception of no right or cause of action. On appeal the Court of Appeal, First Circuit, affirmed (see Sterling v. Jones, La.App., 222 So.2d 343), and, at plaintiffs' instance, we granted certiorari. The salient facts as alleged in plaintiffs' petition and as shown by the record of the proceedings [1] in which the default judgment was secured are as follows:

On February 17, 1955 defendants, Harness Jones and Mary Jones, filed suit in the district court of East Baton Rouge Parish for damages against plaintiffs herein, James A. Sterling, Jr. and Lula Barrow Sterling, for the wrongful death of their daughter. To this suit an exception of no right or cause of action was filed on March 1, 1955 by Donald Moseley of the firm of Benton & Moseley, who at that time were the attorneys representing Sterling and his wife. Over three years after this exception was filed, on July 25, 1958, the said Donald Moseley and Benton & Moseley appeared in court and filed the following motion:

"Now into Court, comes Donald Moseley of the firm of Benton & Moseley, who have *heretofore* been representing the defendants, James A. Sterling, Jr. and Lula Barrow Sterling, in the above captioned and numbered matter, and moves this Honorable Court as follows, to-wit:

1.

"That movers be permitted to withdraw as counsel of record in this case and the exceptions *heretofore* filed by them be cancelled and erased from the record in this matter, and that plaintiffs be permitted to proceed according to law.

"WHEREFORE, movers pray that their motion be granted permitting them to withdraw as counsel of record for defendants, James A. Sterling, Jr. and Lula Barrow Sterling, in the above captioned matter, and that all pleadings *heretofore* filed by them be cancelled from the record in this matter, and that the plaintiffs be permitted to proceed according to law." (Italics ours.)

Upon presentation of this motion to the trial judge, the order attached thereto was signed by him. This order set forth in substance that, considering the motion and affidavit, the firm of Benton & Moseley

---

1. This record was introduced in evidence on the trial of the exception of no right or cause of action which, in reality, is only an exception of no cause of action. However, since the record was admitted without objection, it effects an enlargement of the pleadings. See Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257.

" * * * are hereby permitted to withdraw as counsel of record for defendants, * * * and that all pleadings heretofore filed by them are permitted to be withdrawn as though no pleadings whatever had been filed, and it is further ordered that the plaintiffs be permitted to proceed according to law in this matter." On the same day the order was signed, a preliminary default was entered by the defendants herein against the plaintiffs herein. Subsequently, almost five years thereafter, on June 19, 1963, the defendants herein proceeded to confirm the preliminary default judgment, and judgment was rendered in their favor against the plaintiffs herein, in solido, for $6,000 damages with legal interest thereon from date of judicial demand until paid and for all costs.

Plaintiffs primarily allege in this suit as grounds for annulment of the judgment that they neither participated in nor consented to the ex parte default judgment; that, although Benton & Moseley may have been entitled to withdraw as plaintiffs' counsel of record upon terminating their employment, the attorneys were not authorized to withdraw or cancel the responsive pleadings filed by them on behalf of petitioners; that the order authorizing such withdrawal and cancellation of the exceptions, which enabled the defendants herein to obtain and confirm judgment against petitioners by default, was likewise illegal and, hence, the default judgment based on the unlawful

order permitting withdrawal of defensive pleadings was invalid under Article 2002(2) of the Code of Civil Procedure.

As stated above, defendants herein interposed an exception of no right or cause of action to plaintiffs' petition which was sustained and the suit dismissed by the trial judge for oral reasons, and his judgment was affirmed by the Court of Appeal. In upholding the judgment of the trial court, the Court of Appeal deduced that the withdrawal of the attorneys as counsel for plaintiffs and the order permitting these attorneys to withdraw the exceptions which had been pleaded on behalf of plaintiffs by the attorneys are " * * * matters which addresses itself (sic) to the attorney-client relationship which existed between plaintiffs and their attorneys * * * " and that, even though plaintiffs were without actual or constructive notice that their attorneys intended to withdraw the exception filed on their behalf, " * * * the authority of the attorney to withdraw a pleading is presumed." And the court further concluded that, in the absence of allegations that fraud or ill practices were employed by defendants in obtaining the judgment, the judgment by default is valid and enforceable.

 In our opinion, the view of the Court of Appeal is patently incorrect. At the outset we, of course, recognize the legal right of an attorney-at-law, like any other agent, to discontinue his agency and that

he may at any stage of the litigation secure an order of court permitting him to withdraw as counsel of record, save perhaps in special circumstances not pertinent to the matter at hand. Conversely, however, in withdrawing from the attorney-client relationship, the attorney unquestionably owes a duty to the client he has represented not to waive any substantial right or do any other act, by assuming authority under his prior representation, which would be contrary to the interests of his former client. Moreover, when an attorney has renounced his agency and seeks to be relieved by order of court from further obligations of representation, the court before which he appears should not allow the attorney, in the absence of a showing of special authority,[2] to withdraw all pleadings filed on behalf of his client during the period of his previous employment, and then order that the opposing party be permitted to proceed as though no pleadings "whatever" had been filed.

▪ Therefore, we hold that that part of the judge's order, which permitted the counsel previously representing plaintiffs to withdraw and cancel the pleadings they had theretofore filed in the case, must be regarded, under the well-pleaded facts of the petition, i. e.—that the withdrawal of all pleadings was unauthorized—as having been improvidently granted. If plaintiffs here are able to establish the facts alleged, the default judgment is a nullity and should be set aside under Article 2002(2) of the Code of Civil Procedure which provides, inter alia, that a final judgment shall be annulled when a valid judgment by default has not been taken.

Additionally, we notice that, although it is not specially averred in the petition for nullity, plaintiffs' counsel are contending in oral argument and brief that the facts alleged in the petition are sufficient to warrant the application of the Court's equity powers to the case and that the Court of Appeal erred " * * * in refusing to allow plaintiffs the opportunity to present evidence establishing their right to have annulled the adverse judgment confirmed against them some eight years after suit was filed, as provided by Code of Civil Procedure, Article 2004 and related jurisprudence."

▪ While it is true, as stated by the Court of Appeal, the petition does not specifically allege that the judgment was obtained by fraud and ill practices, yet it does allege facts which, if proved, might

2. Article 2997 of the Civil Code provides, among other things, that the power of attorney must be express and special, "To make a transaction in matters of litigation; and in general where things to be done are not merely acts of administration, or such as facilitate such acts." The act of an attorney in withdrawing pleadings filed on behalf of the client he no longer represents is neither an act of administration nor one which facilitates an act of administration.

be sufficient to justify relief if the circumstances are such that enforcement of the judgment would appear to be unconscionable and inequitable.[3] See Succession of Gilmore, 157 La. 130, 102 So. 94 (1924); and Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953), and cases there cited. We think a trial on the merits is in order.

For the reasons assigned, the judgment of the district court sustaining the exception of no right or cause of action, which was affirmed by the Court of Appeal, is annulled and reversed; and it is now ordered that the exception be and it is overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. The costs in the appellate court and this Court are to be borne by defendants. Taxation of other costs is to await disposal of the case below.

BARHAM, Justice (dissenting).

Plaintiffs' petition alleges that their former counsel in the earlier suit by a motion obtained both an order to withdraw as counsel and an order to be allowed to withdraw all pleadings previously filed, and that the withdrawal of the previously filed pleadings was unauthorized by the plaintiffs and permitted a default judgment to be entered to their prejudice. They contend that a judgment under these circumstances may be annulled as one rendered against a defendant " * * * against whom a valid judgment by default has not been taken * *". C.C.P. Art. 2002(2).

These allegations of plaintiffs may set out a cause of action against former counsel, but they do not establish the grounds for an action in nullity. Plaintiffs allege only that counsel erred in withdrawing pleadings, but do not allege that they lacked notice that the pleadings were withdrawn. They allege no fraud or ill practices on the part of anyone. If their allegations here are sufficient to annul a default judgment, then a default judgment can also be annulled upon the bare allegation that counsel, contrary to their obligations and specific authority, failed to file answer or other pleadings and thus allowed the default judgment to be entered. Code of Civil Procedure Article 2002 never contemplated that mistake of counsel, no matter how grievous (unless the error was perpetrated for the purpose of fraud, Article

---

3. Article 2004 C.C.P., which provides that a final judgment obtained by fraud or ill practices may be annulled, does not require that the fraud or ill practice complained of be attributable to the party securing the judgment. For, as stated in the reporter's comments, the intent of the article is to ratify the jurisprudence under the source Article 607 of the 1870 Code of Practice, wherein it has been held that relief will be afforded when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief "and when the enforcement of the judgment would be unconscientious and inequitable."

2004), should position a defendant as one against whom a default judgment has not been legally taken.

The majority has attempted to apply Code of Civil Procedure Article 2004, which provides that "A final judgment obtained by fraud or ill practices may be annulled", although, as previously stated, plaintiffs' petition contains no allegation of fraud and no allegation of any particular facts constituting fraud or ill practices. Notwithstanding that Code of Civil Procedure Article 856 requires an affirmative pleading of fraud or mistake and allegations with particularity of " * * * the circumstances constituting fraud or mistake * * *", the majority is apparently allowing the plaintiffs to raise " * * * in oral argument and brief * * *" the affirmative issue of ' * * * their right to have annulled the adverse judgment confirmed against them some eight years after suit was filed, as provided by Code of Civil Procedure, Article 2004 and related jurisprudence' ".

The attempt to use mistake of counsel for application of Article 2002 is totally untenable, and the attempt to apply Article 2004 because of fraud or ill practices is untenable for lack of particularity of allegations. The exception of no cause of action was properly sustained by the district court.

I respectfully dissent.