MOTION TO STAY MOTION TO WITHDRAW AS COUNSEL OF RECORD
FORET, Judge.
The defendant-appellants, Early American Insurance Co., Inc., and the City of Abbeville, move for an order staying the proceedings in this Court. In a related matter, the law firm of Onebane, Donohoe, et al., attorneys of record for the defendant-appellants, move to withdraw as counsel of record.
This lawsuit was prompted by an automobile accident which occurred on February 26, 1982. At that time, plaintiffs Roger Stakes and Jackie Stakes, with their two minor children, were driving along Camella Street in Abbeville when their vehicle collided with that of James Otterstater, resulting in personal injuries to Mrs. Stakes and one of the minor children. Plaintiff-appel-lees’ claims against Mr. Otterstater were dismissed with prejudice. After a bench trial, judgment was rendered against the defendants-appellants on August 18, 1984. A suspensive appeal was perfected on October 22, 1984, by defendants-appellants.
Subsequently, on February 1, 1985, defendant-appellant Early American Insurance Co., Inc. was placed in receivership in its domociliary state of Alabama.
The defendant-appellants argue that a stay order should be granted pursuant to La.R.S. 22:1392, in order to allow defendant-appellant City of Abbeville to make appropriate arrangements for representation in light of possible conflicts of interest between Early American and the City, both of which are presently represented by One-bane, Donohoe, et al.
La.R.S. 22:1392 states:
*489 “All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for sixty days from the date the insolvency is determined to permit proper defense by the association of all pending causes of action. As to any covered claims arising from a judgment under any decision, verdict or finding based on the default of the insolvent insurer or its failure to defend an insured, the association either on its own behalf or on behalf of such insured may apply to have such judgment, order, decision, verdict or finding set aside by the same court or administrator that made such judgment, order, decision, verdict or finding and shall be permitted to defend against such claim on the merits.”
It is clear that such a stay order is unnecessary, because the case will not be heard by this Court for several months. At this writing, there are some 600 cases to be considered by this Court prior to the instant case. Therefore, there is ample time for the City of Abbeville to secure representation, and for preparation of its case, prior to any hearings. The Motion for a Stay Order is denied.
Counsel for defendants-appellants, Onebane, Donohoe, et al, move to be dismissed as counsel of record. As stated supra, their client, Early American Insurance Co., Inc. has been placed in receivership, and is consequently unable to pay its legal fee obligations. The plaintiff-appellee argues that the motion should be denied, since no counsel has been substituted.
An attorney may secure an order permitting him to withdraw at any stage of the litigation, if he does not violate his duty to his client to safeguard his client’s interests. Cf. Sterling v. Jones, 233 So.2d 537 (La.1970).
In the instant case, the motion should be granted, since movers’ clients are bankrupt, and a possible conflict of interest exists between the defendants, in that the City of Abbeville may seek indemnification as a creditor against Early American; clearly, movers cannot ethically represent both parties. The movers do not appear to violate their duty to their client by withdrawing as counsel of record of a bankrupt insurance company. The motion to withdraw as counsel of record is granted.