DUFRESNE, Judge.
This is a suit on an open account filed by the plaintiff, Joseph F. Roy against the defendant, Honorable Jon A. Gegen-heimer, Clerk of Court for the Parish of Jefferson for Professional legal services rendered to the office of the Clerk of Court. The district court, after a trial on the merits, rendered'judgment in favor of the plaintiff in the sum of $10,055 plus interest and costs. The defendant filed this appeal. We affirm.
The trial judge’s excellent reasons for judgment, stated findings of fact and law which serve as the basis for the judgment granted in favor of plaintiff. We adopt his reasons as our own and accordingly, the judgment of the trial court is affirmed. The trial judge’s reasons for judgment are attached as an appendix to this opinion. Costs of this appeal are assessed to the defendant.
AFFIRMED.
APPENDIX
Twenty-Fourth Judicial District Court
Parish of Jefferson
State of Louisiana
No. 374-495
Division “K”
Joseph F. Roy vs. Honorable Jon A. Gegenheimer, Clerk of Court for the Parish of Jefferson
Filed: May 30, 1990
/s/Rosary B. Justice
DEPUTY CLERK
REASONS FOR JUDGMENT
This matter arises out of a Suit on Open Account which was filed by the plaintiff, *556 Joseph F. Roy, on January 6, 1989 against the defendant, Honorable Jon A. Gegen-heimer, Clerk of Court for the Parish of Jefferson. The plaintiff has alleged in his petition that the defendant owes him the sum of $10,272.50 for professional legal services that were rendered to the Office of the Clerk of Court by the plaintiff during the period of March 1, 1988 through June 30, 1988.
The evidence submitted by the plaintiff shows that the plaintiff’s bill for Legal services totalling $8,422.50 and for a Compromise Agreement of $1,850.00 was approved for payment on June 30, 1988 by the former Clerk of Coürt for the Parish of Jefferson, Raoul A. Galan, Jr. The evidence also shows that a compromise agreement was entered into between the plaintiff and the defendant pursuant to a judgment rendered in another matter, wherein the defendant was to have paid the plaintiff the sum of $1,850.00 as a settlement fee.
A demand letter dated July 7, 1988 was sent to the defendant by the plaintiff requesting that the defendant pay the sum of $8,422.50 for legal services rendered to the Clerk’s Office and that an additional sum of $1,850.00 owed pursuant to a compromise agreement be paid. The defendant has never tendered payment and has contested the amounts allegedly owed.
After considering the evidence and the memoranda submitted, the Court finds that the defendants did not refute any of the plaintiff’s evidence or testimony. Accordingly, the legal fees due under the open account in the amount of $8,422.50 less the sum of $217.50, which was charged for paralegal instruction and which plaintiff acknowledged was personal, are to be paid by the defendant.
For plaintiff to recover attorney’s fees in a suit on open account pursuant to R.S. 9:2781, the petition must be correct in the amount set forth as being owed. Plaintiff had charged the defendants for paralegal instruction. Here, it is the opinion of the Court that plaintiff knew the paralegal training was for the personal interest of Mr. Galan and not for the benefit of the Clerk of Court’s Office. Accordingly, attorney's fees for open account are disallowed.
The unrefuted testimony shows that the sum of $1,850.00 pursuant to the compromise agreement was not paid, and accordingly judgment is rendered in favor of plaintiff in the amount of $1,850.00. Plaintiff is not entitled to attorney’s fees for the settlement amount of $1,850.00.
Gretna, Louisiana this 3rd day of May, 1990.
/s/Alvin Rudy Eason JUDGE •