MARION F. EDWARDS, Judge.
 

 | aIn this domestic matter, the plaintiff/appellant, Cynthia Aupied, appeals a ruling of the trial court that awarded her past due child support and attorney’s fees from her former husband, the defendant/appellee, Steven Aupied. Ms. Aupied complains that the judgment was not made executory and does not award interest. She further complains that the trial court failed to order an income assignment for the discharge of the arrearages.
 

 FACTS
 

 Cynthia and Steven Aupied were married on July 9,1983. On January 11, 2000, Ms. Aupied filed for a divorce. As part of that proceeding, the parties entered into a consent agreement on June 8, 2000 that awarded the parties joint custody of the two minor children born of the marriage and designating Ms. Aupied as the primary domiciliary parent. That judgment further orders Mr. Aupied to pay $800 per month in child support, 50 percent of all tuition, after-school care, summer camp expenses, and non-reimbursable, extraordinary medical expenses of the minor children.
 

 On June 17, 2008, Ms. Aupied filed a “Rule for Contempt, Appointment of Mental Health Expert, Past Due Child Support, Assignment of Wages, and Increase in Child Support.” In that pleading, Ms. Aupied alleges that, since the rendition of the consent judgment, one of the children attained the age of majority and has moved to Alexandria, Louisiana. The younger child, still a minor, has |,.¡struggled with depression and suicidal thoughts, requiring her to be treated at several mental health facilities. Ms. Aupied further alleged that Mr. Aupied has refused to abide by the visitation schedule set forth in the June 2000 consent judgment and has maintained control of the younger daughter since May 2, 2008. Since that time, the sixteen year old has become pregnant and has been sent by her father to the House of Hope, a facility for troubled teens in Shreveport, Louisiana.
 
 [1]
 

 Ms. Aupied seeks the return of her daughter to her custody after completion of therapy at the House of Hope. She also requests that the trial court assess child support arrearages owed by Mr. Aupied
 
 *902
 
 and make that amount, along with legal interest due, executory. The motion also asks for an assignment order of Mr. Au-pied’s wages to discharge the child support arrearages and future amounts due. In addition, Ms. Aupied requests an increase in child support and a ruling of contempt against Mr. Aupied for violation of his visitation privileges and failure to pay child support.
 

 It appears from the judgment/reasons for judgment that some of the issues presented in that motion were addressed and decided by consent judgment on July 2, 2008. The judgment on appeal further states that the parties reached and agreed to several stipulations which disposed of many of the outstanding matters prior to the commencement of the hearings. However, because the record is a designated one, none of those stipulations or the consent judgment of July 2, 2008 are contained in the record before us.
 

 The trial court ultimately stated that the issues remaining to be considered at the hearing on the motion were “the issue of past due child support in the form of a Rule for Contempt which includes a request for attorney’s fees, interest, and costs.”
 

 14After consideration of that motion, the trial court rendered a four-page judgment, in which are incorporated reasons for judgment. That document is not in the usual form of a judgment. However, it shows that the trial court found Mr. Au-pied owed past due child support to Ms. Aupied “in the amount of $26,862.00 as arrearage, which is now made executory,” and that he also owed $1,000 in court costs and attorney’s fees. The trial court awarded Mr. Aupied “all credit due by operation of law pursuant to the terms of LSA-R.S. 9:815.5
 
 et seq.”
 
 (Emphasis as found in original.) The judgment further states:
 

 The arrearages in child support are made executory and must be paid within the next 60 days. The re-imbursement of other claims must be paid within 6 months of the date of this judgment as the court is not satisfied that Mr. Aupied ever saw some of the various expenditures or had received prior requests for re-imbursement. [The court remembers Mrs. Aupied stating that many amounts that fell under the obligation of the Judgment and the responsibility of Mr. Aupied were available from third parties. This certainly does [sic] equate to demand of any sort.]
 

 LAW AND ANALYSIS
 

 In two assignments of error, Ms. Aupied presents four issues. She argues that the trial court erred in failing to make arrear-ages owed for child support, and/or reimbursement claims executory; in failing to award interest; in failing to order an income assignment for the discharge of the arrearages; and in failing to find Mr. Au-pied in contempt of court.
 

 As stated before, Ms. Aupied has designated this record, limiting it to certain pleadings and the judgment of the trial court. The appellant may designate the record limiting it to such portions which he desires to constitute the record on appeal.
 
 [2]
 
 The appellant has the duty to secure either a transcript of the testimony or | fia narrative of facts; and the inadequacy of the record, if any, is imputable to the appellant.
 
 [3]
 

 An appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal. It is also well established that the
 
 *903
 
 appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not in the record that is lodged in the appellate court.
 
 [4]
 
 Therefore, we will review Ms. Aupied’s remaining two arguments in accordance with the above limits on our review.
 

 We note first that any argument relating to the failure of the trial court to order an income assignment cannot be reviewed by this Court. There is nothing in the judgment that relates to or decides that issue. According to the judgment, several issues were settled by the parties before the hearing. On the designated record before us, we cannot determine if this issue was one of those already decided. Further, the remaining issues set forth in the judgment do not mention an income assignment. We also note that the merits of this issue are not argued in Ms. Aupied’s brief. Specifications or assignments of error must be briefed. When an appellant fails to do so, this Court may consider the issue abandoned.
 
 [5]
 
 Accordingly, we will not address this issue.
 

 Ms. Aupied argues that the trial court failed to make the amount of child support arrearages executory. The judgment is clear that the trial court considered the schedules of child support due and payments submitted by both parties and found that Mr. Aupied owes $26,862 in arrearag-es and that amount was expressly 16make executory by the judgment of the trial court. We find no error in that factual ruling.
 

 When, after a contradictory hearing, a court finds a payment of support under a judgment is in arrears it is required to determine the amount due and render judgment.
 
 [6]
 
 An award of past due child support is a property right belonging to the person to whom such support has been withheld and courts are required to make such awards executory and due immediately.
 
 [7]
 
 Accordingly, we find that the trial court’s limitation of Ms. Aupied’s ability to collect the amount due for sixty days in error, and we amend the judgment accordingly.
 

 We also find merit in Ms. Aupied’s argument that the trial court failed to make past due amounts owed to her for payment regarding tuition executory. After reviewing all of the evidence presented regarding claims made by Ms. Aupied for tuition, medical care, and child care, the trial court found that Mr. Aupied was responsible for, and obligated to pay, one-half of seven payments made by Ms. Au-pied listed on the account summary. The trial court also gave Mr. Aupied a credit for payment of tuition in the amount of $2,055. Other claims made by Ms. Aupied were denied. Because none of the documents considered by the trial court is in this designated record, we cannot find error in the factual findings of that ruling. However, we do find the trial court erred in not computing a final figure owed by Mr. Aupied to Ms. Aupied and making that amount executory and due immediately. We remand the matter to the trial court for that determination and order.
 

 Ms. Aupied next argues the trial court erred in failing to award interest on the amounts due and made executory. We agree. When a party prays for an award |7of interest in a pleading seeking a money judgment, the court lacks discretion
 
 *904
 
 to deny interest on the award.
 
 [8]
 
 Judicial interest on child support and spousal support is provided for in La. C.C. art. 2000. Normally, that interest accrues from the date each payment is due, rather from the date of demand.
 
 [9]
 
 However, in brief to this court, Ms. Aupied concedes that she consented to change the date of accrual for purposes of calculating interest due on the arrearages to June 17, 2008, the date of demand. Accordingly, we find that Ms. Aupied is entitled to an award of interest of all amounts of arrearages made executo-ry from June 17, 2008.
 

 In her final argument, Ms. Au-pied asserts that the trial court erred in failing to find Mr. Aupied in contempt for failure to pay support payments timely. Although the judgment states that contempt is at issue, it is silent on a determination of contempt. Where a judgment is silent on an issue raised at trial, it is presumed that the trial court rejected it.
 
 [10]
 
 A trial court is granted great discretion in determining whether a willful violation of a court order has occurred.
 
 [11]
 
 It is clear from the extensive reasons for judgment that the trial court considered all of the issues presented to it, and it is presumed that the trial court did not view Mr. Au-pied’s actions sufficient to constitute contempt of the consent judgment to pay child support or to reimburse Ms. Aupied for other expenses due. We find no merit in this assignment.
 

 For the foregoing reasons, we affirm the factual findings of the trial court and amend the judgment to make the $26,862 in child support arrearages executory and due immediately. We remand the matter to the trial court for a determination |8of the exact amount owed to Ms. Aupied for tuition and other expenses, for an award of interest as set forth in this opinion, and for an order making all amounts owed execu-tory and due immediately.
 

 AFFIRMED IN PART; AMENDED IN PART; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . It appears the Mr. Aupied filed a motion for change of custody and to set child support in May 2008. However, this designated record does not contain that pleading or any ruling made on it.
 

 [2]
 

 . La. C.C.P. art. 2128.
 

 [3]
 

 .
 
 Olson v. Olson,
 
 04-1137 (La.App. 5 Cir. 3/1/05), 900 So.2d 52.
 

 [4]
 

 .
 
 Id.
 
 at 55.
 

 [5]
 

 . Rule 2-12.4, Uniform Rules-Courts of Appeal.
 

 [6]
 

 . La. C.C.P. art. 3946(A).
 

 [7]
 

 .
 
 State ex rel. Dep’t of Health and Human Res., J.L.,
 
 99-2759 (La.App. 4 Cir. 5/3/00), 763 So.2d 723;
 
 see also,
 
 La. C.C.P. art. 3946(A).
 

 [8]
 

 . La. C.C.P. art. 1921.
 

 [9]
 

 . La. C.C. art. 2000, in pertinent part, provides that [w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S.
 
 9:3500...; Miller v. Miller,
 
 321 So.2d 318 (La.1975).
 

 [10]
 

 .
 
 Vinet v. Estate of Calix,
 
 03-572 (La.App. 5 Cir. 10/28/03), 860 So.2d 160.
 

 [11]
 

 .
 
 Kaiser Aluminum & Chem. Corp. v. United Steelworkers of Am. Int'l.,
 
 AFL-CIO, 00-1851 (La.App. 5 Cir. 4/24/01), 785 So.2d 238,
 
 writ denied,
 
 01-1871 (La.10/3/01), 798 So.2d 122.