ROY M. BOWES D/B/A
ROY M. BOWES AND ASSOCIATES

VERSUS

MICHAEL H. MCINTIRE

NO. 21-CA-672

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 798-315, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

July 06, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

<u>**AFFIRMED; REMANDED WITH INSTRUCTIONS**</u>
 **FHW**
 **SMC**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROY M. BOWES D/B/A ROY M. BOWES AND ASSOCIATES
Roy M. Bowes
Mitchell A. Palmer

COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT,
MICHAEL H. MCINTIRE
S. Catherine Leary
Michael H. McIntire

**WICKER, J.**

After a bench trial on Plaintiff, Roy M. Bowes' (d/b/a Roy M. Bowes and Associates) Petition for Breach of Contract and Open Account against Defendant, Michael H. McIntire, relating to legal representation, both parties seek review of the trial court's award of $20,000.00 to Bowes for his attorney fees and costs relating to his representation and $10,000.00 for his collection fees associated with the prosecution of this action. McIntire further alleges on appeal that the trial court improperly found no damages were owed on his reconventional demand. We find no error in the trial court's determination of appropriate attorney fees and damages, but remand for an award of interest agreed to by the parties in their employment contract.

Background of Bowes' Representation of McIntire

On March 29, 2019, Michael H. McIntire hired Roy M. Bowes (and his firm Roy M. Bowes and Associates) to represent him in an intervention suit relating to the legal fee settlement in a mass tort suit.[1] A motion for leave to file an intervention had been filed against McIntire by his former co-counsel, Henry Dart, to determine the division of the legal fees. McIntire and Bowes signed an attorney-client employment agreement, specifying that legal services would be billed at $350.00/hour, but a handwritten provision provided for deferred payment of fees, costs, and interest "due and payable upon the resolution of the above captioned Roache v. Alpha case." The contract also specifies that attorney fees for collection efforts will be charged at hourly rate of $350.00 or 33 1/3% of gross amount due.

Bowes and his associate, Mitchell Palmer[2], drafted and filed an answer to Dart's intervention suit and represented McIntire at an April 12, 2019 hearing on

---

[1] *Brittany Roache v. Alpha Technical* was a mass tort suit arising out of naturally occurring radioactive materials ("NORM") contamination from oil and gas facilities, filed in the 24th Judicial District Court. It will be referred to as the "*Roache* case" in this opinion.

[2] The testimony at the hearing reveals that while McIntire wanted to hire Bowes and desired him to be involved in the case, Palmer did the majority of the "grunt" work in the case.

the motion to intervene. Both parties testified that the answer, listing several pages of Dart's professional misconduct, was anticipated to lead to a settlement. The trial judge granted the motion to intervene, and he ordered the parties to refile their petition and answer[3], as well as to submit briefing on the issue of whether the parties were entitled to a jury trial.

While there is disagreement over whether a jury trial was desired before this hearing, emails between Palmer and McIntire during April 13 and 15, 2019 reveal their agreement that a jury trial may be best. Bowes' billing records indicate that April 26, 2019 was the first time Palmer reviewed the "status of record and issues for jury" when a request for jury trial would already have been untimely. Palmer drafted a first and supplemental answer requesting a jury trial and filed it on May 2, 2019.[4] A supplemental memorandum in support of jury trial was prepared and filed on May 31, 2019. Palmer also worked on responding to Dart's discovery with McIntire, resulting in several agitated emails from Bowes and Palmer to McIntire regarding McIntire's responses.[5] Bowes' billing slips show that Palmer and Bowes met on May 31, 2019 for a half hour to discuss whether they should withdraw due to McIntire's "failure to properly provide appropriate discovery documents."

At a hearing on June 7, 2019, the trial judge heard motions on the mode of the trial and substitution of Dane Ciolino as new counsel for Dart. The trial judge found that the request for jury trial was untimely, as it was filed more than 10 days after service of the last pleading directed to any issue triable by a jury under La.

---

[3] The petition was refiled by Dart on April 24, 2019 and the answer was refiled on May 2, 2019.

[4] McIntire emailed Palmer on May 2, 2019, stating he would prefer his answer was filed requesting a jury, rather than merely filing briefs on the issue of a jury trial as both McIntire and Palmer anticipated that refiling might not void the first answer and the deadline for a request for jury trial.

[5] It appears that Bowes and Palmer felt that McIntire was trying to hide information relating to client settlements from Dart, while McIntire felt that Bowes and Palmer did not understand the confidential nature of the settlements or how the settlements were funded and paid.

C.C.P. art. 1733(C).[6] The trial judge also denied the motion for substitution of counsel. A trial date was set for October 28, 2019. Thereafter, McIntire inquired of Bowes as to the status of his case with regard to the jury issue, but he received no response.

Palmer began working on a reconventional demand on June 12, 2019, and emails from McIntire show that he was not satisfied with Palmer's draft. Bowes and McIntire met on June 14, 2019, presumably for a status conference, during which Bowes presented him with copies of the invoices, and informed him that he would provide no further services without approval of the invoiced amount. McIntire concluded the meeting. After a June 18, 2019 telephone call between Bowes and McIntire, Bowes sent McIntire an email attached to which was a letter of discharge that McIntire was requested to sign.

On June 20, 2019, Palmer sent McIntire a copy of the Motion to Withdraw by Bowes, Palmer, and Bowes & Associates, which he intended to file if McIntire refused to discharge them from representation. The draft motion alleged that the client failed to "fulfill an obligation to the lawyer" and "representation will result in unreasonable financial burden on lawyer or has been rendered unreasonably difficult by the client." It specified that counsel was unable to "effectively communicate with, meet with, and/or reach agreement with McIntire," which resulted in difficulty completing responses to opposing counsel's discovery, inability to analyze Dart's responses to discovery, a lack of thorough and clear input from McIntire regarding the reconventional demand, failure to transmit information regarding an economic/accounting expert, and a lack of input on specifics for the Scheduling Order.

---

[6] This judgment was issued on July 8, 2019.

Bowes left McIntire a voicemail on June 27, 2019 stating that he had not heard from him since June 18, and did not want to file the motion as drafted and put in the court record all the troubles they had experienced with him.[7] On July 8, 2019, McIntire proposed a joint motion to substitute himself as counsel, and mentioned that he was still considering their bill, but wanted another attorney familiar with the case, Damon Manning, to comment on the reasonableness of the fees. He also requested an explanation of the billable time for the jury issues. On July 18, 2019, McIntire went to Bowes' office and picked up his file, signing an acknowledgment and receipt of original documents pertaining to the entire office file. He also notated that he was reviewing his statement of July 10, 2019.[8]

Procedural History of Collection Action

Bowes filed a Petition for Breach of Contract and Open Account on August 24, 2019, against McIntire seeking $34,799.44 for outstanding fees and 12% interest. On October 14, 2019, McIntire filed an exception of prematurity, alleging that fees would not be due and payable until resolution of the *Roache* case. The intervention in the *Roache* case was settled on November 13, 2019, and a judgment disposing of it was signed on November 22, 2019. A hearing on the exception was held on December 4, 2019. The trial court denied the motion as moot due to the settlement of the *Roache* case.

On December 13, 2019, McIntire filed an answer and reconventional demand claiming he was damaged as a result of being required to expend time, costs, and expenses to defend himself, as well as mental distress and inconvenience. Bowes answered the reconventional demand on January 23, 2020. McIntire hired counsel to represent him in this matter, but the Bowes & Associates

---

[7] On July 5, 2019, Bowes emailed McIntire informing him that if they had not received his letter of discharge by July 8, 2019, they would file the motion to withdraw as drafted.

[8] Bowes sent invoices to McIntire for his services on April 1, 2019; May 1, 2019; June, 3, 2019; June 14, 2019; July 1, 2019; and July 10, 2019.

billing form reflects that Bowes handled the matter himself, with minimal assistance from Palmer and a legal assistant.

McIntire filed a motion in *limine* on February 26, 2021, to exclude evidence reflecting that Bowes was entitled to attorney fees for *pro se* work[9], and to admit evidence to prove that McIntire made settlement offers to Bowes from December 2, 2019 until May 20, 2020, which were declined without counteroffer.

A bench trial was held on March 29 and 30, 2021, and continued on April 12 and 13, 2021. The trial court also requested post-trial memoranda. The judgment, finding in favor of Bowes in the amount of $20,0000.00 for his representation of defendant, including attorney fees and all costs associated with representation, was signed and filed on May 13, 2021. The court additionally found in favor of Bowes in the amount of $10,000.00 for prosecution of the instant case, including all attorney fees and costs associated with this case. The court dismissed McIntire's reconventional demand. Bowes filed a timely motion to appeal, and McIntire filed a cross appeal.

## First Assignment of Error

Both parties claim that the trial court erred in awarding Bowes $20,000.00 in attorney fees and costs for his prosecution of McIntire's case in the class action intervention. Bowes argues that the trial court arbitrarily reduced his fees without justification or explanation in a breach of contract case where McIntire agreed to the hourly rate. In contrast, McIntire contends that because Bowes' evidence was insufficient to support an award for the amount claimed (due to improper and excessive charges) and had declined to render performance called for under the contract, Bowes should receive payment under the theory of *quantum meruit*.

---

[9] McIntire also filed an Exception of No Cause or Right of Action relating to Bowes' *pro se* legal fees. The two matters were heard by the trial court at a rule to show cause hearing on March 29, 2021, but no separate judgment was rendered.

McIntire further argued that the value of Bowes' services was reduced due to his errors and unprofessional conduct.

*Standard of Review*

The amount due on an open account is a question of fact and the trial judge's finding may not be disturbed absent manifest error. *Seale & Ross, P.L.C. v. Holder*, 19-1487 (La. App. 1 Cir. 8/3/20), 310 So.3d 195, 200. Parties are permitted to contract with respect to attorney fees, but those fees are subject to review and control by the courts. *Conrad v. Doe*, 545 So.2d 677, 681 (La. App. 5 Cir. 1989) (citing *Washington v. Cook*, 427 So.2d 312 (La. App. 2 Cir. 1983).

*Discussion*

In an action on an open account, the plaintiff bears the burden of proving his demand by a preponderance of the evidence. *Seale*, 310 So.3d at 200. The plaintiff must first prove the account by showing that it was kept in the ordinary course of business and by introducing supporting testimony as to its accuracy. *Id*. The attorney claiming fees are owed bears the burden of proving the reasonableness of the fees charged. *Gold, Weems, Bruser, Sues & Rundell v. Granger*, 06-859 (La. App. 3 Cir. 12/29/06), 947 So.2d 835, 842, *writ denied*, 07-0421 (La. 4/27/07), 955 So.2d 687. Once an attorney proves to the trial court's satisfaction that the amount claimed due is actually owed, the burden of proof shifts to the client to prove the inaccuracy of the account, entitlement to credits, or the excessiveness of fees. *Seale*, 310 So.3d at 204. While an agreement has the effect of law between the parties, when the issue in dispute concerns fees charged by an attorney to the client pursuant to the contract between the parties, courts must resolve the disagreement using the Louisiana Rules of Professional Conduct (RPC) as guidance. *Gold*, 947 So.2d at 840. As the Louisiana Supreme Court stated in *Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Ass'n*:

This court's inherent authority over the practice of law has been protected by the constitutional separation of powers in every constitution that this state has had, except that of 1868....

The articles incorporation were ... amended by this court to incorporate the Code of Professional Responsibility in lieu of the Canons of Ethics. See Supreme Court of Louisiana Order Book August 19, 1967-January 1971 at p. 162. The Code of Professional Responsibility, which regulates attorneys' practice, has been recognized as having the force and effect of substantive law.

378 So.2d 423, 426 (La. 1979).

Rule of Professional Conduct 1.5 provides:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

La. St. Bar. Art. 14, RPC Rule 1.5.

Relying upon the RPC, the trial court found that Bowes' bill for 94.3 hours was unreasonable. In its eight-page written reasons for judgment, the court set out the relevant facts and findings that led to its decision. The court reviewed the record of the case and considered "the nature of the case, the nature and length of the professional relationship between the parties, and the fact the plaintiff's law firm did not stay in the case to reach a result."

In considering Rule 1.5(a)(1), the court found that this case required ten weeks of work, including two court appearances and the filing of an answer,

memorandum relating to a jury trial, opposing a substitution of counsel, and answering discovery requests. The court found 30 hours to develop the strategy and prepare an answer was unreasonable. The trial judge found charging for a reconventional demand that was never filed was also unreasonable. She also found excessive hours billed for meetings and emails between the attorneys, as well as dual billing by both attorneys for the same task.

The trial court examined the nature and length of the professional relationship, under Rule 1.5(a)(6). Based on the trial testimony, the court found that "the relationship between the parties quickly soured," with Bowes finding McIntire to be indecisive and McIntire dissatisfied with the work of Palmer. The trial court pointed out unprofessional bill itemization, insults regarding discovery responses, and threats relating to a "disparaging" motion to withdraw.

The trial court found the twenty hours billed regarding the jury trial issue were unreasonable due to Bowes' untimely request for a jury trial and the fact that Bowes did not stay in the case to reach a result implicating Rule 1.5(a)(4)'s inquiry into the results obtained.

The question of the value of legal services rendered by an attorney is one that comes particularly within the expertise of the trial judge. *Wuertz v. Tobias*, 512 So.2d 1209, 1212 (La. App. 5 Cir. 1987). The trial court's conclusions pertaining to Rule 1.5 are factual and thus are subject to the manifest error standard of review. *O'Rourke v. Cairns*, 95-381 (La. App. 5 Cir. 11/28/95), 666 So.2d 345, 349, *writ granted*, 95-3054 (La. 3/14/96), 668 So.2d 1149, *and aff'd as amended*, 95-3054 (La. 11/25/96), 683 So.2d 697. We find no error in the trial court's decisions. The trial court is entitled to deference in its evaluation of the evidence, and its findings are supported by the record.

McIntire testified as to the hours charged by Bowes that he contested. The trial court found that he was allowed to give his opinion because he is an attorney

with many years of experience. McIntire submitted into evidence three documents he prepared relating to dual billing by Palmer and Bowes, charges relating to the attempt to correct the jury trial mistake, and charges inflated by stating hours greater than an experienced attorney would require to provide the service. He testified that he felt the reasonable time spent on an answer should be five hours, not the 27 hours billed by Bowes. McIntire also disputed the hourly rate charged by Palmer, who had significantly less experience than Bowes and was paid only $75/hour under his contract with Bowes. Palmer's experience and ability are also called into question by the need for the frequent strategy sessions. These arguments support lowering the fees attributed to Palmer's work pursuant to Rule 1.5(a)(7).

Bowes' withdrawal from this case was properly considered by the trial court as a reflection of the nature and length of the professional relationship. "In withdrawing from the attorney-client relationship, the attorney unquestionably owes a duty to the client he has represented not to waive any substantial right or do any other act, by assuming authority under his prior representation, which would be contrary to the interests of his former client." *Sterling v. Jones*, 255 La. 842, 233 So.2d 537 (La. 1970); *State v. Stewart*, 493 So.2d 227, 232 (La. App. 5 Cir. 1986). Rule 1.16(b)(1) of the Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client." It was appropriate for the trial court to reduce Bowes' fees due to his lack of professionalism in withdrawal, and the court's finding that the motion to withdraw "focuses on the grounds that are most negative for their client," despite other innocuous grounds. Furthermore, a lawyer who releases a client without reasonable justification is not entitled to be paid for all the hours worked for which the client does not get full value. *Henican, James & Cleveland v. Strate*, 348 So.2d 689, 690 (La. App. 4 Cir.

1977), w*rit denied*, 350 So.2d 1213 (La. 1977).  A withdrawing attorney may not be entitled to payment for all the hours worked because the client does not get full value for those hours.

In examining the nature of the professional relationship, it appears that there was a breakdown in communication between the parties, with McIntire feeling that his attorney did not understand the settlement accounting in the *Roache* case, leading to the attorneys accusing McIntire of attempting to give less than complete disclosure of documents in discovery.  McIntire felt that he was being harassed by his attorneys on discovery issues when they should have filed a protective order.  When McIntire undertook his own representation in the matter, he had to file a protective order resulting in duplication of efforts.  The Fourth Circuit in *Verges v. Dimension Dev. Co., Inc.*, 08-1336 (La. App. 4 Cir. 2/10/10), 32 So.3d 310, 315, found that when a plaintiff is forced to retain new counsel to pursue a claim to its conclusion, any additional expense that would not have been incurred by plaintiff but for the attorney's withdrawal should be deducted from the fees awarded.  The duplication of the work was required by the successor attorneys in order to familiarize themselves with plaintiff's case. *Id.* at 314.

It is well-settled that a court, in awarding an appropriate attorney fee, should reduce the number of hours submitted in the fee application if the claimed time is "excessive, redundant, or otherwise unnecessary." *Covington v. McNeese State Univ.*, 12-2182 (La. 5/7/13), 118 So.3d 343, 350, *citing Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 19 L.Ed.2d 1263 (1968).  Although the trial court did not include a numerical breakdown in its reasons for judgment, it appears that the reduction of the hours was not arbitrary, but rather, was supported by its finding that the hours were unreasonable based on the court's regulation of the legal profession.  As the trial court correctly relied upon the RPC in reviewing and reducing Bowes' fees, McIntire's *quantum meruit* arguments lack merit.  *See*

*Whitney Bank v. NOGG, L.L.C.*, 15-1399 (La. App. 1 Cir. 6/13/16), 194 So.3d 819, 824-25.

## Second Assignment of Error

Both parties claim the trial court erred in awarding Bowes $10,000.00 for attorney fees and costs in the collection suit. Bowes argues that the trial judge gave no numerical/mathematical elaboration for the collection work she thought unreasonable to support her reduction of the contractual fee owed. McIntire claims that Bowes should not be able to collect attorney fees for representing himself in the collection lawsuit.

*Standard of Review*

The trial court has discretion to determine the amount of attorney fees owed based upon the court's own knowledge, the evidence, and the court's observation of the case and the record. *Cupit v. Hernandez*, 45,670 (La. App. 2 Cir. 9/29/10), 48 So.3d 1114, *writ denied*, 10-2466 (La. 12/17/10), 51 So.3d 7. Credibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact's findings. *Theriot v. Lasseigne*, 93-2661 (La. 7/5/94), 640 So.2d 1305, 1313.

*Discussion*

The open account statute, La. Rev. Stat. § 9:2781(A), provides that:

When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. . . . If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

La. Rev. Stat. § 9:2781.

For a plaintiff to recover attorney fees in a suit on open account pursuant to R.S. 9:2781(A), the petition must be correct in the amount set forth as being owed. *Roy v. Gegenheimer*, 573 So.2d 555, 556 (La. App. 5 Cir. 1991). McIntire signed a contract providing for attorney fees for collection efforts. Although La. C.C. art. 2000 finds an obligee to be entitled to his attorney fees if the parties, by written contract, have expressly agreed that the obligor shall be liable for the fees, courts may find the contract to be unenforceable when attorney fees fixed by the parties are excessive and unreasonable. *Central Progressive Bank v. Bradley*, 502 So.2d 1017 (La. 1987), *on remand*, 506 So.2d 711 (La. 1987).

In addition to RPC 1.5, other factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge. *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 441-42 (La. 1992).

The trial court found that Bowes introduced evidence of $52,205.00 in fees and $1,331.95 in costs to prosecute this case, as well as additional hours charged for the trial. It found that Bowes "made several decisions in prosecuting this case that unnecessarily drove up the fees and costs of this litigation." The trial court supported this determination by its findings that Bowes filed the litigation prematurely before resolution of the Dart intervention, Bowes refused to negotiate, and Bowes refused McIntire's requests to use the free fee dispute mediation services offered by the Louisiana State Bar Association. In finding the attorney fees unreasonable, the trial court stated that the case did not involve numerous court appearances, or intricate facts, specialized knowledge, or extensive work. It

involved minimal pretrial pleadings.  In considering the lack of complexity and approximately 25 hours spent in trial, the court believed $10,000 was a fair and reasonable fee.

Despite Bowes' evidence of hours worked and hourly rates charged, the trial court often knows or has a good idea of the time spent on pre-trial issues and the services rendered by counsel. *Monster Rentals, LLC v. Coonass Const. of Acadiana, LLC*, 14-1200 (La. App. 3 Cir. 4/1/15), 162 So.3d 1264, 1268.  After reviewing the record, we find no manifest error in the trial court's determination of reasonable fees.

The prematurity of the collection suit supports a deduction of the fees charged from August 4, 2019 to November 22, 2019, before Bowes was entitled to payment upon settlement of the *Roache* case.  Additionally, several hours were spent by Bowes contesting McIntire's valid exception of prematurity.

Over 29 hours were spent in March of 2021 organizing the exhibits and pre-trial order with McIntire's counsel, which supports the trial judge's finding of excessive billing, especially considering that the parties did not present joint exhibits, resulting in an extended trial with the introduction of numerous duplicative exhibits.  The trial transcript also shows unprofessional conduct by Bowes which led to additional, unnecessary hours.  His behavior required admonishment by the trial court several times on the record for "fighting" and a "constant barrage of insults."  Bowes' *pro se* handling of the case also led to his own excessive testimony while questioning the witnesses.  By representing himself, Bowes turned what should have been a simple debt recovery action into personal vindication, unnecessarily complicating and prolonging the case.  While this Court has not found that attorneys may not recover their *pro se* attorneys fees in a collection effort, we have found that it would be "unjust" to require defendants to pay attorney's fees on a small, routine collection case where those fees would

match or exceed recovery on the underlying debt. *Davis v. Myers*, 427 So.2d 648, 650 (La. App. 5 Cir. 1983) (concluding a reasonable attorney's fee to be equal to 50% of the principal and interest due on the debt by the time this judgment is paid).

Giving deference to the trial court's assessment of witnesses, we find the record supports a reduction of the collection fee owed to Bowes based upon his lack of credibility and veracity after the court confronted him for apparent dishonesty in pleading that there was "no dispute of amount owed."

Furthermore, we find no error in the trial court's finding that Bowes' failure to compromise inflated the fees. Rule of Professional Conduct 1.5(f)(5) states that "[a]s to any fee dispute, the lawyer should suggest a means for prompt resolution such as mediation or arbitration, including arbitration with the Louisiana State Bar Association Fee Dispute Program." In this case, it was the client who requested that they avail themselves of the fee dispute program. Here, the trial court reasonably found that Bowes chose to inflate his fees by refusing McIntire's request in favor of spending two years litigating a fee that was less than the fees spent attempting to recover the underlying debt. Attorneys should consider that "litigation between attorneys and clients reflects poorly upon the entire profession."[10]

Given the discretion afforded to the trial court, we find no manifest error in its reduction of the attorney's fees owed in the collection case.

**Assignment of Error Three**

Bowes claims the trial court erred by failing to award interest on either the contractual amount or the collection suit amount.

*Standard of Review*

---

[10] Mark Richard Cummisford, *Resolving Fee Disputes and Legal Malpractice Claims Using ADR*, 85 Marq. L. Rev. 975, 981 (2002) ("At best, litigation impairs the lawyer's potential for referral business from the client that the lawyer sues. At worst, the lawyer can lose the fee dispute, as well as the lawyer's relationship with that client and the people influenced by that client. Furthermore, the lawyer's reputation may suffer, not only in the eyes of prospective clients, but in the eyes of other lawyers.")

When parties stipulate to a rate of interest, the court will enforce the contractual interest rate. *Gold,* 947 So.2d at 846. When a party prays for an award of interest in a pleading seeking a monetary judgment, the court lacks discretion to deny interest on the award. *In re Succession of Banks*, 11-26 (La. App. 5 Cir. 6/29/11), 71 So.3d 1086, 1098.

*Discussion*

In this case, the judgment is silent with respect to interest. Where a judgment is silent as to any part of a demand, that demand is deemed rejected. *Mooers v. Sosa*, 01-286 (La. App. 5 Cir. 9/25/01), 798 So.2d 200. La. C.C.P. art. 1921 provides "[t]he court shall award interest in the judgment as prayed for or as provided by law." The court lacks discretion to deny interest when the party prays for an award in a pleading. *Aupied v. Aupied*, 09-636 (La. App. 5 Cir. 3/9/10), 38 So.3d 899, 904.

La. C.C. art. 2000 provides that an obligee may recover damages for delay in performance as measured by the interest on that sum from the time it is due, at the rate agreed by the parties. A debtor may be put in default either by the commencement of a suit, a demand in writing, or in other ways. *S. Marine Sales, Inc. v. Matherne*, 05-181 (La. App. 5 Cir. 11/29/05), 915 So.2d 1042, 1047-48, *writ denied*, 06-0177 (La. 4/24/06), 926 So.2d 545 (citing the Louisiana Supreme Court's discussion of La. C.C. art. 1911 (now C.C. art. 1991) in *Alexander v. Burroughs Corp.*, 359 So.2d 607, 613 (La. 1978)). Debts bear interest from the due date. *EXCELth, Inc. v. State through Dep't of Health & Hosps.*, 17-0363 (La. App. 1 Cir. 12/19/17), 234 So.3d 160, 169, *writ denied*, 18-0113 (La. 3/9/18) 238 So.3d 453.

In reviewing Bowes' petition, it reveals that he requested interest from June 14, 2019, in accordance with the employment agreement, which provided for "interest on all overdue amounts at the rate of 12% per annum (1% per month) if

your bill is overdue thirty days from date indicated…" Although the trial judge held that McIntire owed Bowes attorney fees and awarded the payment of fees as modified, the trial court did not award interest on the judgment. We find that the trial judge erred in failing to award judicial interest as agreed to by the parties in their contract, from the date the fees were owed, upon settlement of the *Roache* case. While this Court has the authority to amend the judgment to reflect interest, there are additional factual determinations that must be made by the trial court upon remand.

Although McIntire's brief states that on June 14, 2021, he sent Bowes a cashier's check for $30,000 which was returned, we are unable to consider evidence that is not in the record. This Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not found in the record that is lodged in the appellate court. *Aupied*, 38 So.3d at 903. Therefore, we remand this case to the trial court to determine if there was a valid tender that the obligee failed to accept without justification in accordance with La. C.C. art. 1869, which would "produce the effects of performance, including termination of future interest and costs." *See Walker v. Inv. Properties, Ltd.*, 507 So.2d 850, 852 (La. App. 5 Cir. 1987), *writ denied*, 513 So.2d 293 (La. 1987).

**Assignment of Error 4 (McIntire's Assignment of Error)**

McIntire claims the trial court erred in failing to award damages on his reconventional demand for abuse of process.

McIntire's reconventional demand claims he suffered damages by expending time, court costs, and expenses to defend himself, as well as mental distress and inconvenience. The trial court found that defendant did not present any evidence to support an award.

*Standard of Review*

The standard of review of the trial court's decision in awarding damages alleged in a reconventional demand is whether the court's factual findings are manifestly erroneous

or clearly wrong. *Begnaud v. Camel Contractors, Inc.*, 98-207 (La. App. 3 Cir. 10/28/98), 721 So.2d 550, 556.

*Discussion*

A review of the record reveals no evidence was presented by McIntire to prove he suffered mental distress or inconvenience. Nor did he submit any evidence of the hours spent on this litigation, his court costs, or attorney fees, from which the court could make an award if it found merit in his abuse-of-process claim. The record also lacks evidentiary support for proof of an ulterior motive and irregularity in the process. *Alden v. Lorning*, 04-0724 (La. App. 4 Cir. 5/4/05), 904 So.2d 24. Although the lawsuit may have initially been premature, it was not abusive to file it when McIntire had not made any payment of the uncontested amounts, despite his trial testimony that he received some benefits from Bowes' work. Thus, we find the trial court was not manifestly erroneous in its failure to award damages on McIntire's reconventional demand.

## Costs of Appeal

Bowes requests that McIntire be taxed with 100% of the costs of this appeal where McIntire also appealed.

La. C.C.P. art. 2164 allows this Court to tax the costs of the lower or appellate court against any party to the suit as we may consider equitable. Although McIntire appealed the denial of his reconventional demand, the majority of the focus of this Court's review was dedicated to the claims made by Bowes. Therefore, we deny his request as we find it equitable for him to bear the costs of this appeal.

## Conclusion

We find no merit in the errors relating to the determination of reasonable attorney fees owed to appellant, Roy Bowes. However, we remand the case to the district court for a determination of interest properly owed from the due date. Furthermore, we find no

merit to the assignment of error raised by appellee, Michael McIntire, regarding the trial court's findings relating to his reconventional demand.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 6, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 21-CA-672

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
MITCHELL A. PALMER (APPELLANT)          ROY M. BOWES (APPELLANT)          S. CATHERINE LEARY (APPELLANT)

**MAILED**
MICHAEL H. MCINTIRE (APPELLANT)
ATTORNEY AT LAW
POST OFFICE DRAWER 1207
MADISONVILLE, LA 70447